[S. F. No. 10779. In Bank.—October 3, 1925.]

EUGENE L. GONZALES, a Minor, etc., Appellant, v. KENNETH M. DAVIS, Respondent.

[1] NONSUIT — EVIDENCE — INFERENCES. — The trial court in passing upon a motion for a nonsuit is to assume the truth of all of the evidence educed in support of the plaintiff's case without regard to the conflicts, if any appearing therein, and to adopt only those inferences reasonably and fairly deducible therefrom as are most favorable to the plaintiff.

[2] NEGLIGENCE—CHILD OF FIVE YEARS OF AGE—IMPUTATION OF CONTRIBUTORY NEGLIGENCE.—Contributory negligence is not, as a rule, imputed as a matter of law to a child of five years of age.

[3] ID.—CHILD STRUCK BY AUTOMOBILE—NONSUIT—EVIDENCE—INFERENCES.—In an action for damages for personal injuries to a minor child caused by defendant's automobile striking him near a street intersection while said child was attempting to cross the street upon which said automobile was traveling and which defendant admitted in his answer was a "crowded and busy thoroughfare," it was reversible error for the trial court to grant a nonsuit where, from evidence showing that defendant did not see the plaintiff, who was in the middle of the street when struck and who had

---

1. See 9 Cal. Jur. 557.
2. Imputing negligence to child, note, 15 A. L. R. 414. See, also, 20 R. C. L. 124.
3. See 3 Cal, Jur. 903.

been immediately preceded by two companions in essaying the crossing, and that no sound or horn or bell or other warning was heard by any of the witnesses to the collision, the jury could have drawn the inference that defendant was not exercising that degree of prudence and of watchfulness which the law required of him in approaching said intersection which was used by pedestrians.

[4] ID.—STATEMENT OF DEFENDANT IMMEDIATELY AFTER ACCIDENT—INTERPRETATION OF QUESTION FOR JURY—CONSCIOUSNESS OF LIABILITY—INFERENCE.—In such an action, where it was shown that defendant, within a few moments after the accident occurred, made the statement to one of plaintiff's witnesses that "If anything was wrong with the boy he would be responsible for everything that happened to him," it was for the jury to determine what interpretation should be placed upon the words and acts of the defendant immediately after the collision; and had the cause been submitted to the jury, the latter would have been entitled to draw· the inference from defendant's language immediately after the accident that his use thereof arose from a consciousness of his liability for whatever injuries the plaintiff had sustained.

[5] ID.—SUBSEQUENT STATEMENT OF DEFENDANT—MATTER FOR JURY.— In such action, the fact that the defendant several hours after the accident and after a full opportunity for reflection had in repeating the statement made by him immediately after the accident to members of the plaintiff's family coupled with it the statement that he was not to blame for the child's injuries would not suffice to justify the taking from the jury the right to determine which statement of the defendant was to be credited and what inferences were to be drawn from his unqualified utterances immediately after the accident occurred.

[6] ID.—EVIDENCE—PRIMA FACIE CASE.—In such action, the statements made by defendant, taken in connection with the other testimony given in support of the plaintiff's case, was sufficient to make out a *prima facie* case in the plaintiff's favor which should have been submitted to the jury.

(1) 38 Cyc., p. 1551, n. 62.   (2) 29 Cyc., p. 538, n. 70.   (3) 28 Cyc., p. 49, n. 46.   (4) 28 Cyc., p. 49, n. 46.   (5) 28 Cyc., p. 49, n. 46.   (6) 28 Cyc., p. 49, n. 46.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

6.  See 24 Cal. Jur. 790.

Robert P. Troy for Appellant.

Jesse H. Steinhart, John J. Goldberg and Hadsell, Sweet & Ingalls for Respondent.

RICHARDS, J.—This is an appeal from a judgment entered after an order granting a motion for nonsuit in an action wherein the plaintiff, a minor of the age of five years, acting through his guardian *ad litem,* sues the defendant for the recovery of damages for injuries suffered by said plaintiff by being struck by the defendant's automobile operated by himself at the intersection of Taylor and Pacific Streets in the city of San Francisco. The plaintiff alleges that his injuries were received on the twenty-eighth day of December, 1921, at said place and in the following manner: "That at said time and place while said plaintiff was walking across Pacific Street at the point of its intersection with Taylor Street said defendant carelessly, negligently and recklessly ran said automobile without warning signal or notice of any kind against and upon said plaintiff with great force and violence while said automobile was caused by said defendant to run and operate at a high and unlawful rate of speed, to wit: at the rate of about thirty-five miles per hour, whereby and wherewith said defendant knocked said plaintiff down upon the roadway of said Pacific Street," and thereby caused him to sustain the detailed injuries complained of. The answer of the defendant does not deny that he was operating his said automobile upon said streets and at the intersection thereof at said time, but denies that he was doing so negligently, carelessly, or recklessly, or that while so operating his automobile he ran the same without warning signal or notice against or upon the plaintiff with great or any force or violence. He denies that he was operating his automobile in other than a careful and prudent manner, and denies that he was operating the same at any rate of speed in' excess of fifteen miles per hour. For want of information he denies that the plaintiff sustained the specific injuries complained of or that he has been damaged in any sum whatever. In a separate answer and defense the defendant pleads that the plaintiff was guilty of contributory negligence; and in a further separate and affirmative de-

fense the defendant alleges that Pacific Street "was and is a busy and crowded thoroughfare, traversed by vehicles of all kinds, and was at all times a dangerous place for children of the plaintiff's age to play; and that while said minor was playing there he carelessly and negligently ran against the side of the automobile driven by defendant and thereby suffered the injuries complained of." The cause went to trial before a jury upon the issues as thus framed. The plaintiff and several other persons who witnessed the accident were sworn and testified. Certain other witnesses were also sworn and testified as to the statements made by the defendant both immediately after the accident and at a later time upon the same day in the presence of members of the plaintiff's family. At the conclusion of the plaintiff's case the defendant moved the trial court to grant a nonsuit, which motion was granted and the judgment which is herein appealed from followed.

It is the contention of the plaintiff and appellant that the trial court was in error in granting said nonsuit. We think this contention must be sustained. [1] It is a well-settled rule applicable to motions for nonsuit that the trial court in passing upon such motions is to assume the truth of all of the evidence educed in support of the plaintiff's case without regard to the conflicts, if any appearing therein, and to adopt only those inferences reasonably and fairly deducible therefrom as are most favorable to the plaintiff. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 340 [208 Pac. 125], and cases cited.) Applying this rule to the evidence presented in this case we find it to be substantially as follows: That in the afternoon of December 28, 1921, the plaintiff, then a small boy of the age of five years, with two other boys, one seven and the other nine years of age, was upon Taylor Street at or near its intersection with Pacific Street, or Avenue, in said city, and was about to cross the latter thoroughfare at the place used by pedestrians on the western line of such intersection. The two elder boys testified that they ran ahead of the younger, the plaintiff, and had reached the sidewalk upon the other side of Pacific Street when looking back they saw the plaintiff on the crossing and in the middle of Pacific Street at the moment of his being struck and knocked down by the plaintiff's automobile, which had come down Pacific Street.

Both of the elder boys testified that they heard no sound of horn or signals of any kind before the impact. The plaintiff also testified that he was in the middle of said street when he was struck by the defendant's automobile and that he did not see the automobile nor hear any gong or signal before he was struck by it. The evidence as to the injuries sustained by the boy was in accord with the averments of the complaint. Evidence was also given by one of the witnesses for the plaintiff that a few moments after the collision he held a conversation with the defendant wherein the latter made the statement that "if anything was wrong with the boy he would be responsible for everything that happened to him." Certain members of the plaintiff's family also testified that the defendant came to their home and that of the boy upon the evening of the accident and several hours thereafter and testified to certain conversations which occurred there and in the course of which the defendant stated that the boy was not at fault and he, the defendant, was not at fault, and that "if something happen to the boy, he pay himself if the insurance company is not responsible he is." Another witness to the same conversation stated that the defendant blamed the boy, saying, "The boy should not have been in the way." The foregoing is substantially all of the evidence offered in support of the plaintiff's case. [2] In considering the same it is at the outset to be remembered that contributory negligence is not, as a rule, imputed as a matter of law to a child of the plaintiff's tender years. (*Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203].) It is also to be noted that while it is true that the Motor Vehicle Act as it read at the time of this accident (sec. 12, Motor Vehicle Act 1915 [Stats. 1915, p. 405]), did not in terms require that the driver of an automobile should sound his horn or give other warning signal upon his approach to a street intersection or crossing, it is also true that said Motor Vehicle Act then in force also provided (Motor Vehicle Act 1915, sec. 22b [Stats. 1915, p. 409]), that "every person operating or driving a motor or other vehicle on the public highways of this state shall operate or drive the same in a careful and prudent manner . . . having regard to the traffic and use of the highway." In the instant case the defendant in his an-

swer affirmatively alleged that Pacific Street at the point in question "was and is a crowded and busy thoroughfare," and further alleged that said street "was at all times and is a dangerous place for children of said age to play." These affirmative admissions would seem to bring this case fully within the rule declared in *Reaugh* v. *Cudahy Packing Co., supra*, wherein this court in commenting upon the foregoing provision of the Motor Vehicle Act used this language: "Drivers or operators of vehicles and more particularly motor vehicles must be specially watchful in anticipation of the presence of others at places where other vehicles are constantly passing and where men, women and children are liable to be crossing, such as corners at the intersection of streets or other similar places or situations where people are likely to fail to observe an approaching automobile." In the presence of this rule it would seem to be undeniable that it was the duty of the defendant as he approached the intersection of Taylor Street with the "crowded and busy thoroughfare" down which he was moving to have his observation fixed upon the intersection of said streets used by pedestrians and which he was about to pass. The evidence in the case affirmatively shows that but a moment before the instant of his collision with the plaintiff herein two other small boys, the latter's companions, had crossed Pacific Street upon this very crossing and that the plaintiff following them was *in the middle thereof* and of Pacific Street when he was struck by the defendant's automobile. It would seem to be an almost irresistible conclusion that if the defendant had been keeping that sharp lookout ahead which the law requires of him when approaching such a crossing he would have observed these boys or at least the latter of them in the act of essaying this crossing just ahead of his incoming machine, and the inference would seem to be a most reasonable one that since he did not, as he admitted, see the injured boy before the impact and no sound of horn or bell or other warning was heard by any of the witnesses to the collision, the defendant was not exercising that degree of prudence and of watchfulness which the law under such circumstances requires. It was the province of the jury to draw such an inference, and if so drawn it would have sufficed to support a finding of culpable negligence on the part of the defend-

ant, with a resultant verdict in the plaintiff's favor. [3] The trial court by granting the defendant's motion for nonsuit took from the plaintiff the right to have the jury pass upon this question, and we think, committed reversible error in so doing. [4] There was also introduced in the course of plaintiff's case a statement to one of his witnesses by the defendant within a few moments after the accident occurred that "if anything was wrong with the boy he would be responsible for everything that happened to him." It is the respondent's contention, approved by the trial court in granting the motion for nonsuit, that this language on the part of the defendant involved no suggestion or admission of liability for the accident and consequent injuries to the child; but we are of the opinion that it was for the jury to determine what interpretation should be placed upon the words and acts of the defendant immediately after the collision. In *McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23], it was held that the "Defendant's declaration to the plaintiff immediately after the accident that he carried accident insurance that would provide for plaintiff if he had suffered injuries was properly admitted as tending to show an acknowledgment of responsibility by the defendant for the collision"; and in *Scheuermann* v. *Kuetenmeyer*, 186 Cal. 225, 227 [199 Pac. 13], the statement by the defendant on the day following the accident that she "wanted to make right what is right" was considered by this court as going with other evidence to make a *prima facie* case of negligence in the operation of the defendant's machine which should be submitted to the jury. In the case of *Hammond* v. *Hazard*, 40 Cal. App. 49 [180 Pac. 46], a statement by a defendant at the time of the accident that "I will settle all damages," taken in connection with certain other conduct on her part at the time, evoked the comment of the appellate court that "Her conduct in thus busying herself with names of witnesses and her statement about 'my car' and that 'I will settle all damages,' clearly evidence the interest of one *who is conscious of liability* as the owner of the car." [Italics added.] We are of the opinion that the jury, had this cause been permitted to be submitted to it, would have been entitled to draw the inference from the defendant's language immediately after the accident that his use thereof

arose from a consciousness of his liability for whatever injuries the plaintiff had sustained. **[5]** The fact that the defendant several hours after the accident and after a full opportunity for reflection had in repeating said statement to members of the plaintiff's family coupled with it the statement that he was not to blame for the boy's injuries would not suffice to justify the taking from the jury the right to determine which statement of the defendant was to be credited and what inferences were to be drawn from his unqualified utterances immediately after the accident occurred. **[6]** We are satisfied that this matter, taken in connection with the other testimony given in support of the plaintiff's case and above commented upon, was sufficient to make out a *prima facie* case in the plaintiff's favor which should have been submitted to the jury.

The order of the trial court granting a nonsuit was, therefore, erroneous, and hence its judgment based thereon must be reversed. It is so ordered.

Seawell, J., Shenk, J., Lennon, J., Lawlor, Acting C. J., Waste, J., and Houser J., *pro tem.*, concurred.