[Civ. No. 18308.    First Dist., Div. Two.    June 17, 1959.]

VIRGINIA MORALES, a Minor, etc., et al., Appellants, v. ELSE ELIZABETH THOMPSON, Respondent.

Theodore H. Cominos and Lawrence Shostak for Appellants.

Hoge, Fenton, Jones & Appel for Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment rendered on a jury verdict in favor of the defendant, in an action brought by Virginia Morales, a minor, through her guardian *ad litem,* her mother Maria Morales, for personal injuries sustained when Virginia came in contact with an automobile driven by the defendant. Maria Morales joined in the suit, her cause of action being for the medical and hospital expenses incurred in the treatment of her daughter's injuries.

On appeal, it is argued that the evidence does not support the verdict, and that the trial court erred in rejecting certain evidence and erred in its instructions to the jury.

The facts as revealed by the record are as follows: The accident occurred on February 5, 1957, about 6:30 p.m. at the northeast corner of the intersection of West Market and Vale Streets in the City of Salinas. Vale Street runs north and south and is 51 feet wide. West Market Street runs east and west and is 72 feet and 7 inches wide with two lanes for east-bound traffic and two lanes for west-bound traffic, separated by a double line. There is a cross-walk 12 feet 7 inches wide from the northeast corner of Vale and West Market to the south curb of West Market. The Morales' home is located on the south side of West Market opposite the intersection of West Market and Vale Streets and somewhat southwest of the crosswalk.

At the time of the accident it was dark. There were two street lights, one at the southeast corner of the intersection and one about 50 feet from the northwest corner of the intersection. There is a stop sign on Vale Street at the northwest corner.

Plaintiff's mother, Maria Morales, testified that on the day of the accident, plaintiff Virginia Morales was one day short of being 4 years old. Plaintiff and her mother left their home and proceeded northward across West Market in the cross-walk. They were going to a grocery store across the street. Plaintiff was wearing a light green dress. Plaintiff held on to her mother's hand until they got to the curb in front of the crosswalk where they stopped. Mrs. Morales "looked to the right and to the left, told her daughter to go ahead and let go of her hand to fix her bandanna." Plaintiff began to cross the street about 5 to 6 feet ahead of her mother. Plaintiff's mother did not see the car hit the child, as she was looking to the right for traffic. She testified, however, that her daughter was definitely in the crosswalk when she was hit. Three witnesses testified that Mrs. Morales did not arrive until a few moments after the accident occurred. [██ There was also a showing that Mrs. Morales had made prior inconsistent statements to a police officer at the scene of the accident and at the time her deposition was taken. Neither the plaintiff nor her mother spoke or understood English, and some of the inconsistencies may have been due to language difficulties.

Defendant was driving west on Market Street in the inside lane, at an approximate speed of 25 miles per hour. As she

passed through the intersection of Vale and Market Streets she felt a bump in the front of her automobile, but did not see anything. She had her lights on low beam. She thought the impact occurred past the crosswalk, but was not exactly sure where the child was. Defendant pulled to the side of the road and stopped.

An eyewitness testified that after the accident both plaintiff's mother and the defendant were hysterical. The police officer who arrived at the scene of the accident about 6:40 p.m. testified that the child was found at a point 54.6 feet from the northeast corner of Vale and Market and 34.2 feet from the northwest corner. One of the plaintiff's socks was found some 30 feet 8 inches from the plaintiff, and her shoes and another sock within a 10-foot radius. Defendant's automobile showed damage to the upper front portion of the hood.

Having concluded that the judgment must be reversed because of certain fatal errors in the instructions, it is not necessary to discuss the remaining contentions in detail, except to note that the trial court properly excluded a police report plaintiff's attorney sought to introduce, to rehabilitate the testimony of Maria Morales. (Veh. Code, § 488.)

The trial court here gave an instruction on "unavoidable accident." Such an instruction, except in special circumstances not present here, was recently disapproved in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]. (See also *Amar* v. *Union Oil Co.*, 166 Cal.App.2d 424 [333 P.2d 449], and *Perrotti* v. *Sampson,* 163 Cal.App.2d 280 [329 P.2d 310].) We think that under the circumstances of this case the giving of such an instruction was confusing and misleading.

Furthermore, the trial court erred in refusing plaintiff's proffered instruction that a child of the age of the plaintiff is, as a matter of law, incapable of contributory negligence. The jury was given only general instructions that a child is held to exercise only that quantum of care which a person of like age, experience and development would ordinarily exercise in a similar situation. The uncontroverted evidence established that the accident occurred on the day before Virginia's fourth birthday.

In *Ellis* v. *D'Angelo*, 116 Cal.App.2d 310 [253 P.2d 675], we indicated that a 4-year-old child is, as a matter of law, incapable of negligence. We said at pages 315 and 316:

"So far as the count charging the infant defendant with negligence is concerned the question presented to the court is whether as a matter of common knowledge we can say that a

child 4 years of age lacks the mental capacity to realize that his conduct which is not intended to bring harm to another may nevertheless be reasonably expected to bring about that result. In the absence of compelling judicial authority to the contrary in the courts of this state we are satisfied that a 4-year-old child does not possess this mental capacity. In the case of *Crane* v. *Smith*, 23 Cal.2d 288, 301 [144 P.2d 356], the court said of a 3-year-old child: 'And since Janice was too young to be guilty of contributory negligence, the appellant's liability to her is established.' In support of this holding the court cited *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], which involved a 5-year-old child.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"No purpose will be served by reviewing all the authorities. None has been found in this state which we feel compels us to hold that a 4-year-old has the mental capacity for negligent conduct. It is stated in a note collecting the cases from other jurisdictions in 107 American Law Reports 102 et seq.: 'In a majority of the cases it seems that the courts have regarded a child between the ages of 4 and 5 years as incapable of personal negligence, the rule of conclusive incapacity applying to a child of such an age.' (See further cases collected in the supplement to this note in 174 A.L.R. 1119.) We are satisfied from our own common knowledge of the mental development of 4-year-old children that it is proper to hold that they have not at that age developed the mental capacity for foreseeing the possibilities of their inadvertent conduct which would rationally support a finding that they were negligent."

The same test is applied in determining the contributory negligence of a child of such tender years. We think the refusal of the instruction in the instant case was prejudicial to the plaintiff.

In view of the foregoing, the judgment must be and is hereby reversed.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied July 17, 1959, and respondent's petition for a hearing by the Supreme Court was denied August 12, 1959. Bray, J. pro tem.,* participated by reason of the vacancy existing on the court. Tobriner, J. pro tem.,* participated in place of Spence, J. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.