[Civ. No. 6304. Fourth Dist. Jan. 25, 1960.]

WILLIAM L. KUEFFER et al., Respondents, v. DARRELL BRUCE SMOTHERS, a Minor, etc., et al., Appellants.

C. E. Crowley for Appellants.

Shaw & Almy and Fred H. Almy for Respondents.

MONROE, J. pro tem.*—The plaintiffs, husband and wife, brought this action to recover damages for injuries received as the result of a collision between an automobile operated by Mrs. Kueffer and an automobile operated by the minor defendant Darrell Bruce Smothers. It was alleged that the collision and resulting damage were the proximate result of negligence of the said defendant. His parents were made parties defendant, it being alleged that they had signed his application for an operator's license. The owners of the vehicle operated by Darrell were made parties but were dismissed by reason of failure to serve with process. The action was tried to a jury, resulting in a verdict for the defendants. A motion for new trial was granted, and from that order the defendants appeal.

The motion for new trial was made upon three grounds, viz., the insufficiency of the evidence to support the verdict; second, newly discovered evidence; and third, error of law. The written order of the trial court granting a new trial was not based upon insufficiency of the evidence, as required by section 657 of the Code of Civil Procedure, and no affidavits in support of the motion were filed as required by section 658 of the Code of Civil Procedure. The parties concede that the only available ground for the granting of a new trial was error in law. [■■] The respondents urge in support of the ruling of the trial court the giving of the following instruction:

''In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that

*Assigned by Chairman of Judicial Council.

it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it.''

The instruction thus given is in the identical language of part of the instruction held to be improper in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]. The court there held in substance that such instruction was improper in that it tended to confuse the jury, and that instructions as to negligence, properly given, were sufficient for a proper submission of the case. It was held that therefore no reference to unavoidable accident was properly made except in those cases where by the terms of a statute or other law the presence or absence of unavoidable accident was specifically involved. The court held further that it was a question in each case to determine from an examination of the record whether the error was sufficiently prejudicial to require the granting of a new trial. Following this decision it has been repeatedly held that the giving of this instruction, or one in similar language, may constitute prejudicial and reversible error. (*Martz* v. *Ruiz*, 158 Cal.App.2d 590 [322 P.2d 981]; *Tomchik* v. *Julian*, 171 Cal.App.2d 138 [340 P.2d 72]; *Lockhart* v. *Rini*, 171 Cal.App.2d 293 [340 P.2d 344]; *Prentice* v. *Roberts*, 171 Cal.App.2d 313 [340 P.2d 43]; *Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700].)

It appearing, therefore, that the giving of the instruction complained of was erroneous, the question was presented to the trial court to determine as a matter of sound discretion whether a new trial should be given.

■ "On appeal, therefore, the appellate court must indulge the presumption that the trial court obeyed the mandate of the constitution and considered the whole record, and decided that the error of law was prejudicial and resulted in a miscarriage of justice." (36 Cal.Jur.2d, § 111, p. 302.)

■ In the case at bar, we do not have before us the testimony or the full text of the instructions given to the jury and therefore, as said in *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 262 [143 P.2d 929], "The trial court here has determined that the errors in the instructions prejudiced respondents' cause, and we cannot say in the light of the record that the trial court was in error in so holding.''

Directly in point is *Amar* v. *Union Oil Co.*, 166 Cal.App.2d

424 [333 P.2d 449]. In that case a similar instruction concerning unavoidable accident was given and, after a verdict in favor of the defendants and the granting of a new trial, an appeal was taken. It was held that the giving of such instruction was error and that the court did not abuse its discretion in granting a new trial.

In the instant case we are bound to assume, in the absence of any showing to the contrary, that the status of the evidence and the other instructions given were such that the court did not abuse its discretion in determining that the error of giving such instruction was prejudicial and in granting the new trial.

Order affirmed.

Griffin, P. J., and Shepard, J., concurred.