[Civ. No. 24759. Second Dist., Div. One. Jan. 30, 1961.]

WARREN GLENN CHRISTIAN, a Minor, etc., et al., Respondents, v. JAMES H. GOODWIN, Appellant.

Spray, Gould & Bowers for Appellant.

Martin B. Berman and Joseph M. Wapner for Respondents.

LILLIE, J.—Plaintiffs sued for personal injuries received to the minor plaintiff when defendant's automobile struck him while crossing the street; one of the affirmative defenses was the contributory negligence of the child. The matter was heard by a jury, and judgment on the verdict was entered in favor of defendant; thereafter plaintiffs' motion for new trial was granted on the sole ground of error in law—the trial court's failure to instruct the jury that the minor plaintiff was incapable of contributory negligence as a matter of law. Defendant appeals from the order granting a new trial. The only issue before us is whether the trial court erred in holding, in effect, that a child of 4 years and 7 months of age is incapable of contributory negligence as a matter of law. It is contended by appellant that the infant's contributory negligence is a matter to be determined by the jury under proper instructions relating to the child's age, mental capacity and experience, and due care.

This case comes to us on an agreed statement. There appears to be some conflict in the evidence but for our purpose it is necessary to relate only that in which there is virtually no dispute. The minor plaintiff, a boy then 4 years and 7 months of age, was playing on the porch of a house across the street from where his mother had parked her automobile. She entered the vehicle and drove a short distance to a position directly opposite the house in front of which the boy was playing. She stopped her car and got out, stood on the street and called out to him; the boy responded, whereupon "he fixed his view upon and darted toward the mother." While crossing the street he was struck by defendant's automobile.

Relating to the infant's conduct the jury was given the general instruction that a child is held to exercise only that quantum of care which a person of like age, mentality capacity and experience would ordinarily exercise in a similar situation; the trial court refused to instruct the jury that the law presumes that a child of the age of plaintiff child is incapable of contributory negligence.

The general proposition that an infant is liable for his torts is established by section 41, Civil Code; however, as to negligence it is a recognized principle that an act which constitutes negligence on the part of an adult does not necessarily constitute negligence when committed by a child of limited judgment, discretion and experience. (*Bowdoin* v. *Southern Pacific Co.*, 178 Cal. 634 [174 P. 664]; *Quiroz* v. *Stuzane*, 124 Cal.App.2d 534 [269 P.2d 103].) Prosser sets out the rule in his text on Torts, at page 1086: "Likewise, in the case of negligence, children have been recognized as a special group to whom a more or less subjective standard of conduct is to be applied, which will vary according to their age, intelligence and experience, so that in many cases immunity is conferred in effect by finding merely that there has been no negligence." Thus, while a child, like an adult, is required to exercise ordinary care, he is only required to exercise that quantum of care which one of like age, experience and development would ordinarily exercise in a similar situation. (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594 [110 P.2d 1044]; *Hernandez* v. *Murphy*, 46 Cal.App.2d 201 [115 P.2d 565]; *Hoyt* v. *Rosenberg*, 80 Cal.App.2d 500 [182 P.2d 234, 173 A.L.R. 883]; *Singer* v. *Marx*, 144 Cal.App.2d 637 [301 P.2d 440].) This same test is applied in determining a child's contributory negligence. (*Ellis* v. *D'Angelo*, 116 Cal.App.2d 310 [253 P.2d 675]; *Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700].)

Although whether a child has been negligent is normally a question of fact to be determined by the trier in each case in the light of the particular circumstances (*Courtell* v. v. *McEachen*, 51 Cal.2d 448 [334 P.2d 870]; *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 P. 712]; *Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674 [102 P.2d 422]; *Hoyt* v. *Rosenberg, supra,* 80 Cal.App.2d 500; *Marino* v. *Valenti*, 118 Cal.App.2d 830 [259 P.2d 84]; *Van Der Most* v. *Workman,* 107 Cal.App.2d 274 [236 P.2d 842]), there is the exceptional case in which the negligence of the infant becomes a matter of law for the court because of his "exceedingly tender years." (*La Fleur* v. *Hernandez*, 84 Cal.App.2d 569, 573 [191 P.2d 95].) The proposition that "An infant may be so very young that no negligence may legally be imputed to him" (*Todd* v. *Orcutt*, 42 Cal.App. 687, 690 [183 P. 963]), is predicated on the principle that a child of very early years is "incapable of realizing that his heedless conduct might foreseeably lead to injury to another which is the essential

capacity of mind to create liability for negligence." (*Ellis* v. *D'Angelo*, 116 Cal.App.2d 310, 315 [253 P.2d 675].)

At what age a child possesses this mental capacity for negligent conduct has been the subject of considerable decisional law. Our courts have held a 3-year-old to be too young for contributory negligence (*Crane* v. *Smith*, 23 Cal. 2d 288 [144 P.2d 356]); and that a child one day less than 4 years is as a matter of law incapable of a negligent act. (*Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700].) In *Ellis* v. *D'Angelo*, 116 Cal.App.2d 310 [253 P.2d 675], a 4-year-old was deemed to lack the mental capacity to realize that his conduct which is not intended to bring harm to another may nevertheless be reasonably expected to bring about that result; after a comprehensive examination of authorities, the court stated at page 316: "We are satisfied from our own common knowledge of the mental development of 4-year-old children that it is proper to hold that they have not at that age developed the mental capacity for foreseeing the possibilities of their inadvertent conduct which would rationally support a finding that they were negligent."

We have found no authority in this state relative to the contributory negligence of children over 4 and under 5. However, the Supreme Court expressed its view concerning a 5-year-old in *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], decided in 1925, which case has frequently been cited as holding "in effect that a child of five could not be guilty of contributory negligence." (*Conroy* v. *Perez*, 64 Cal.App.2d 217, 226 [148 P.2d 680].) *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], involved a situation factually similar to the instant one; a child of 5 was struck by defendant's automobile while the former was crossing the street. Said the court at page 260: "In considering the same [evidence] it is at the outset to be remembered that contributory negligence is not, as a rule, imputed as a matter of law to a child of the plaintiff's tender years. [Citations.]" In 1943 the Supreme Court in *Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356], involving a 3-year-old, relied on the Gonzales case at page 301: "And since Janice was too young to be guilty of contributory negligence, the appellant's liability to her is established. (*Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16].)" In *Ellis* v. *D'Angelo* (1953), 116 Cal.App.2d 310 [253 P.2d 675], the court cited *Crane* v. *Smith*, *supra*, 23 Cal.2d 288, and in that connection commented at page 316: "In support of this holding the court cited *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], which in-

volved a 5-year-old child.'' So too the Gonzales case was used as authority in *Conroy* v. *Perez* (1944), 64 Cal.App.2d 217 [148 P.2d 680], in which the infant was 2 years and 8 months; and was cited in *Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700], decided in 1959, involving a child one day less than 4 years old who was injured while crossing the street.

However, in opposition to the view set forth by the Supreme Court in *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], is a Fourth District Court of Appeal case decided in 1948 (*Smith* v. *Harger*, 84 Cal.App.2d 361 [191 P.2d 25]), wherein it was argued that as a matter of law the 5-year-old appellant could not be found guilty of contributory negligence; in support thereof appellant cited *Conroy* v. *Perez*, 64 Cal.App.2d 217 [148 P.2d 680] and *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16]. Without any discussion the court dismissed the issue by merely commenting at page 370: ''This contention cannot be sustained,'' citing therefor authorities all involving older children.

California cases dealing with children over 5 and under 6 are fairly numerous (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674 [102 P.2d 422]; *McKay* v. *Hedger*, 139 Cal.App. 266 [34 P.2d 221]; *Carrillo* v. *Helms Bakeries, Ltd.*, 6 Cal.App.2d 299 [44 P.2d 604]; *Jones* v. *Wray*, 169 Cal. App.2d 372 [337 P.2d 226]; *Courtell* v. *McEachen*, 51 Cal.2d 448 [334 P.2d 870]), and it is clear that our courts have rejected the theory that a child between 5 and 6 is incapable of contributory negligence as a matter of law. (*Courtell* v. *McEachen*, 51 Cal.2d 448 [334 P.2d 870].) In the Courtell case, *supra*, the child was 5 years and 9 months and the court held that whether a child of that age is capable of exercising care to avoid the particular damage encountered, and if so whether the child failed to exercise due care, are normally questions of fact.

In other jurisdictions, it is apparent that the rule holding a child incapable of contributory negligence as a matter of law has been applied to children between 4 and 5 years (*Anthony* v. *Dutton*, 73 Ga.App. 389 [36 S.E.2d 836] [4 yrs., 3 mo.]; *Crawford* v. *Southern Railway Co.*, 106 Ga. 870 [33 S.E. 826] [4½ yrs.]; *Powell* v. *Weiner*, 325 Ill.App. 697 [60 N.E.2d 646] [4 yrs., 10 mo.]; *Quattrochi* v. *Pittsburgh R. Co.*, 309 Pa. 377 [164 A. 59] [between 4 and 5 yrs.]; *Nagy* v. *Balogh*, 337 Mich. 691 [61 N.W.2d 47] [4 yrs., 9 mo.]; *Oviatt* v. *Camarra*, 210 Ore. 445 [311 P.2d 746] [under 5 yrs.]). And in an extensive annotation reviewing earlier cases outside of California relating to the contributory negligence of chil-

dren, in 107 American Law Reports, page 102, et seq., is the following observation: "In a majority of the cases it seems that the courts have regarded a child between the ages of four and five as incapable of personal negligence, the rule of conclusive presumption of incapacity applying to a child of such an age."

The weight of authority in other jurisdictions is opposed to the proposition that a child under 5 can be guilty of contributory negligence; and support is given this view by our own Supreme Court in *Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16], reaffirmed when relied upon in *Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356], and restated and cited in *Conroy* v. *Percz*, 64 Cal.App.2d 217 [148 P.2d 680]; *Ellis* v. *D'Angelo*, 116 Cal.App.2d 310 [253 P.2d 675]; and *Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700]. Thus we conclude that a child of the age of the minor plaintiff does not have sufficient capacity to be guilty of contributory negligence; and hold that the trial court properly granted a new trial on the ground it had erred in refusing plaintiffs' proffered instruction that a child of the age of the plaintiff is, as a matter of law, incapable of contributory negligence.

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1961. Schauer, J., McComb, J., and White, J., were of the opinion that the petition should be granted.