[Civ. No. 19261. First Dist., Div. Two. Mar. 24, 1961.]

ROBERT UNTALAN, a Minor, etc., et al., Appellants, v. EMORY LUTHER GLASS, Respondent.

Di Leonardo, Blake & Kelly and Robert L. Blake for Appellants.

Campbell, Custer, Warburton & Britton and George A. Strong for Respondent.

STONE, J. pro tem.*—This appeal is taken from a judgment for defendant entered pursuant to a jury verdict. The minor plaintiff and appellant was 3½ years old when the accident occurred. This action was brought by his father as guardian *ad litem*, who also sued on his own behalf to recover special damages.

Defendant was driving his car 30 to 35 miles per hour in a westerly direction on Berryessa Road in Santa Clara County

*Assigned by Chairman of Judicial Council.

about 2:45 p. m. on July 7, 1957. The weather was clear and the roadway dry. As defendant approached the scene of the accident, the minor plaintiff's aunt, a girl of 7½ years, was riding her bicycle easterly on the north shoulder of Berryessa Road. She was riding toward the defendant, who was traveling westerly on the same side of the road. The girl turned her bicycle to her right, crossing in the path of the approaching car of defendant. He applied his brakes and swerved to his right to avoid her and as he did so, he struck the 3½-year-old plaintiff who had been running along behind the girl. The boy apparently was on the shoulder of the roadway and he and defendant's car collided at the edge of the traveled portion of the pavement. The accident occurred at the place where a private driveway from the boy's home entered Berryessa Road.

 Plaintiffs base this appeal solely on instructions given, the contention being that it was error to instruct on (1) contributory negligence of the minor plaintiff, and (2) statutory duty of a bicycle rider. The court defined contributory negligence and instructed the jury that the defense applied to the minor plaintiff as well as to his father. The court also instructed upon the standard of care applicable to a child but plaintiffs assert error nevertheless because the youngster was only 3½ years old and incapable of being contributorily negligent as a matter of law. Plaintiffs are correct; a number of California cases have held that children 4 years of age and under do not have sufficient capacity to be guilty of negligence. (*Gonzales* v. *Davis*, 197 Cal. 256 [240 P. 16] ; *Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356] ; *Conroy* v. *Perez*, 64 Cal.App.2d 217 [148 P.2d 680] ; *Ellis* v. *D'Angelo*, 116 Cal.App.2d 310 [253 P.2d 675] ; *Morales* v. *Thompson*, 171 Cal.App.2d 405 [340 P.2d 700].) A child of such tender years is simply incapable of foreseeing the possible consequences of his conduct. Therefore, it was error to instruct the jury relative to the contributory negligence of minor plaintiff, a youngster 3 years and 7 months of age.

 Defendant guardedly concedes the error by arguing that there was no prejudicial error since the evidence disclosed no negligence on the part of the defendant. The record, however, reflects that defendant saw the little girl riding her bicycle toward him on his side of the road when he was 100 feet from her; that he did not slow down or apply his brakes until he was 50 feet from her; that his car left 51 feet of skid marks and that the 3 year, 7 months old boy and de-

fendant's car collided on the edge of the highway near the entrance to the private driveway leading from the boy's home. On such a record, this court cannot say that the jury found the defendant free from negligence and that it was not influenced by the instructions defining contributory negligence of a child. ■ As was said in *Robinson* v. *Cable,* 55 Cal. 2d 425, 428 [11 Cal.Rptr. 377, 359 P.2d 929], "Where it seems probable that the jury's verdict may have been based on the erroneous instruction prejudice appears and this court 'should not speculate upon the basis of the verdict.' [Citations.]"

■ The error in misleading the jury was compounded by the giving of an instruction on the statutory duty of care to be exercised by a person riding a bicycle. The 7½-year-old aunt of the minor plaintiff, the only bicycle rider involved, was not a party to the action. Her negligence could not be imputed to the plaintiffs under any theory. It matters not that the instruction was an accurate statement of the law since it was not within the issues of the case. It could have served only to mislead the jury into considering the negligence of the girl in connection with defendant's liability to the plaintiffs. In the minds of the jurors, there could be no other reason for the court to give them the instruction. The error was prejudicial. (*Graham* v. *Mead,* 159 Cal.App.2d 301, 303 [323 P.2d 1008]; *Davenport* v. *Stratton,* 24 Cal.2d 232, 254 [149 P.2d 4]; *Elm* v. *McKee,* 139 Cal.App.2d 353, 359 [293 P.2d 827]; *Staggs* v. *Atchison, Topeka & S. F. Ry. Co.,* 135 Cal.App.2d 492, 503 [287 P.2d 817]; 2 Witkin, California Procedure, § 68, p. 1799; 48 Cal.Jur.2d, § 184, p. 211.)

The judgment is reversed.

Draper, Acting P. J., and Shoemaker, J., concurred.