[Civ. No. 17601.   First Dist., Div. Two.   Apr. 10, 1958.]

EDITH GRAHAM et al., Appellants, v. MARJORIE MEAD
et al., Respondents.

Hart & Bortin and Joseph L. Bortin for Appellants.

James C. Calkins for Respondents.

DOOLING, J.—Plaintiffs, husband and wife, appeal from a judgment for defendants entered upon a jury's verdict.

The action was for personal injuries and property damage to plaintiffs' automobile.   The automobile driven by plaintiff

husband was struck broadside by an automobile driven by defendant in the intersection of Jefferson Avenue and Alston Way in Berkeley.

The court instructed the jury at defendant's request:

"Vehicle Code section 550 reads as follows:

" 'Vehicle approaching or entering intersection.

" '(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

" '(b) When two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right-of-way to the driver of the vehicle on the right.' "

Appellants argue prejudicial error in the inclusion of subdivision (b) of this section in the instruction on the ground that the evidence shows without contradiction that their automobile entered the intersection first.

The only evidence pertinent to this question was given by the two plaintiffs, the defendant under cross-examination (Code Civ. Proc., § 2055) and a police officer who examined the scene of the collision after it had occurred.

Appellants were driving easterly on Alston Way and respondent was driving northerly on Jefferson Avenue. Appellant husband testified that he was driving at a speed of 15 to 20 miles per hour and as he approached the intersection he saw respondent's car six or seven car lengths from the intersection. "I saw that the car was a safe distance back so I continued on across the intersection." The next he knew his wife said: "Look out. She is going to hit us" and the collision occurred.

Appellant wife testified that as they reached the intersection she saw a car to the right "so far back my husband and I both didn't say anything about it." The officer testified that the point of collision showed that appellants' car was 28 feet into the intersection and respondent's car 15 feet into the intersection. The officer measured 26 feet of skid marks made by respondent's tires.

Respondent testified: "As I approached the intersection I looked to my left. I did not see any car and I looked at my left and I didn't see a car, and as I turned my head back the car was directly in front of me."

It is clear that there is no testimony in the record from which the jury could reasonably find that respondent's automobile entered the intersection at the same time as appellants.' Giving respondent's testimony its full weight "as

[she] *approached* the intersection" there was no car to her left and when she looked ahead it was already in front of her. She had not entered the intersection when she looked to her left. Counsel for respondent argues that the determination of the facts is for the jury, but he does not suggest any rational theory on which they could find from any evidence of any witness that respondent's automobile entered the intersection at the same time as appellants'.

"Even though an instruction is couched in proper language it is improper, if it finds no support in the evidence, and the giving of it constitutes prejudicial error if it is calculated to mislead the jury." (*Davenport* v. *Stratton*, 24 Cal. 2d 232, 254 [149 P.2d 4]; *Elm* v. *McKee*, 139 Cal.App.2d 353, 359 [293 P.2d 827]; *Staggs* v. *Atchison, Topeka & S. F. Ry. Co.*, 135 Cal.App.2d 492, 503 [287 P.2d 817].)

The prejudice in this case is demonstrated by the proceedings on motion for new trial. It developed, as shown by an affidavit of appellants' counsel, that while the jury was deliberating the jury requested the bailiff that the instructions regarding the right of way, "particularly the instruction regarding the situation where the vehicle on the right has the right of way," be sent to the jury room; and the bailiff told the jury that the only way to get the instructions was to go back into the courtroom and have the instructions reread, that they could not be sent into the jury room. While this was hearsay as to the counsel making the affidavit the record shows that "in open Court counsel stipulate that the facts stated in the affidavit of Joseph Bortin [appellants' counsel] on file herein are true stated facts." The jury's verdict was reached by a 9 to 3 vote.

The record makes it clear that the jury was confused into believing that the right of way of the one entering the intersection from the right was in issue under the evidence, and, particularly in view of the divided vote of the jury, we are satisfied that the record shows prejudice from the giving of the instruction on that subject.

This conclusion makes it unnecessary to consider the further argument that the bailiff was guilty of misconduct in communicating his understanding of the law to the jury instead of conveying their request to the court. (*Nelson* v. *Southern Pac. Co.*, 8 Cal.2d 648, 655 [67 P.2d 682].)

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.