[Civ. No. 9862.   Third Dist.   Dec. 7, 1960.]

MARY G. HICKMAN et al., Respondents, v. HOMER ARONS et al., Defendants; JOSEPH MENTO et al., Appellants.

Mento, Buchler & Littlefield for Appellants.

Nathaniel S. Colley for Respondents.

VAN DYKE, P. J.—This is an appeal from the judgment of the superior court based upon a jury's verdict awarding damages to plaintiffs and respondents for the death of their half-brother, Clair Leo Baines, who was killed when a brick wall fell on him while he was upon the public sidewalk. The building was owned by appellants and, previous to the death of Baines, had been so gutted with fire that only the exterior walls were left standing. It appears that the building was an old one; that the wall which fell was 23 feet in height and extended for 150 feet along the street next to the sidewalk; that after the fire the wall was unsupported except by its own strength and for such tie-in as had been provided at the corners. The evidence was sharply in dispute as to whether there was any apparent weakness in the wall and as to the weakening effect of the fire. The wall was a south wall and it fell during an unusually high wind, blowing from the north. The fire occurred November 6, 1957. On that day the chief building inspector of the city of Sacramento mailed to the appellants a notice that the building was insecure and unsafe through damage by fire; that the walls were out of plumb and badly cracked and separated due to the fire; and that the building was in danger of collapse. The wall fell

on November 21st following. After receipt of the notice appellants contracted with a wrecker to take down all the walls of the building, but the work had not been done, and on November 21st, when it fell, the south wall was apparently in the same condition as it had been since the fire.

Appellants contend that the trial court committed prejudicial error in instructing on the doctrine of res ipsa loquitur. The contention is without merit. ■ ''Res ipsa loquitur, when translated, 'means simply ''the thing, or affair, speaks for itself,'' and, so speaking, authorizes the inference of negligence in the absence of a showing to the contrary.' '' (*Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 440 [247 P.2d 344].) ■ From the facts we have related the jury could infer that appellants were negligent in allowing the wall to stand from November 6th to November 21st.

■ Appellants next contend that the court erred in receiving in evidence, over their objections, the notice mailed to them by the chief building inspector of the city, claiming that the notice was hearsay and contained conclusions and opinions of the writer, not a witness. The notice was admissible to prove knowledge of the condition of the wall after the fire and as notice and warning, both as to this condition of the wall and as to the need for the wall's prompt demolition. One factor in the charge of negligence was that after the fire a period of 15 days intervened before the wall fell. There was evidence that during this time the owners inspected the wall and spent about two weeks negotiating with a wrecker to remove the walls of the building in consideration of salvage he could obtain; that a contract for demolition was executed on the afternoon of the day before the wall fell; that the wall fell before the wrecker had moved his equipment to the site; and that the wall could have been leveled within five hours' working time. It was proper to show that appellants had both notice and warning that the wall was in fact dangerous and could not safely be maintained beyond the time required to demolish it. For these purposes the notice was not hearsay but was direct evidence. (*Treadwell* v. *Whittier,* 80 Cal. 574 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498] ; *Smith* v. *Whittier,* 95 Cal. 279 [30 P. 529] ; *Bundy* v. *Sierra Lumber Co.,* 149 Cal. 772 [87 P. 622] ; *Diller* v. *Northern Calif. Power Co.,* 162 Cal. 531 [123 P. 359, Ann.Cas. 1913 D 908] ; see also 125 A.L.R. 647.)

■ Appellants next contend that the court committed error in refusing to receive in evidence certain testimony

intended to rehabilitate a defense witness as to whom it had been suggested his testimony had been recently fabricated. The witness was the chief building inspector who had sent the notice hereinbefore discussed. That notice asserted that the appellants' building was insecure and unsafe to life and/or surrounding property and was liable to endanger surrounding property through damage by fire; that the walls were out of plumb and badly cracked and separated due to the fire and that as a result the building was in danger of collapse; and that the building should be torn down and removed within 30 days after receipt of the notice, failing which under an applicable city ordinance the city council might order the owners prosecuted as violators of the ordinance and might order the inspector to proceed with the work of demolition, and if this were done expenditures so incurred would be charged against the owners and would be a lien upon the property. The defense had called the inspector and he had given testimony in material conflict with some of the statements made in the notice. On cross-examination it was developed that he had become a party defendant in another action wherein negligence in the failure to demolish the building before it fell was charged and it was suggested that the testimony just given had been influenced by the fact that he had become such party defendant. The evidence which was sought to be introduced in rehabilitation was said to be testimony that before he became such party defendant the inspector had just after the fire given statements to the press which could not have been subject to the charge of fabrication made and which were in line with his testimony. The evidence ought to have been received. Its nature was indicated to the court, its purpose was stated and it was ruled out as not being material. ▆▆ "It is the rule generally and in this state that where the opposition has assailed the testimony of a witness as being of recent fabrication, an exception to the hearsay rule allows the admission of evidence of statements or conduct prior to the claimed fabrication and consistent with the testimony of the witness at the trial, 'not to prove the facts of the case, but as tending to show that the witness has not been controlled by motives of interest and that he has not fabricated something for the purpose of the case.' "  (*People* v. *Walsh,* 47 Cal.2d 36, 41 [301 P.2d 247].)

▆▆ The court, at the request of respondents, read to the jury from section 203 of the Uniform Building Code of the City of Sacramento, as follows: "All buildings or structures

which are structurally unsafe or not provided with adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life, or which in relation to existing use constitute a hazard to safety or health by reason of inadequate maintenance, delapidation, obsolescence, or abandonment, are, for the purpose of this Section, unsafe buildings. All such unsafe buildings are hereby declared to be public nuisances and shall be abated by repair, rehabilitation, or demolition in accordance with the procedures of this Section.''

Appellants contend it was prejudicial error for the court to read this section of the building code to the jury under the rule that: '' 'Even though an instruction is couched in proper language it is improper, if it finds no support in the evidence, and the giving of it constitutes prejudicial error if it is calculated to mislead the jury.' '' (*Graham* v. *Mead,* 159 Cal.App.2d 301, 303 [323 P.2d 1008].) This section was referred to in the notice to demolish hereinbefore discussed as furnishing authority for the statement made in the notice that the owners could be prosecuted for failing to rectify the dangerous condition mentioned in the notice and/or that the work could be done by the city and charged against the owners if they did not do it.

There were numerous references to the building code during the course of the trial and they were brought in by both sides. There were many specific references to section 203 of that code brought in by both sides. The building inspector was cross-examined and his attention was directed to said section 203 and its provisions were discussed with relation to the time for demolition that could be granted thereunder. The inspector was cross-examined rigorously concerning the provisions of the code and his actions purportedly based thereon with reference to the danger inherent in a 23-foot-high brick wall without lateral support, with reference to how long such a wall would stand under normal conditions, as to why the inspector had given 30 days for the demolition by his notice and then later testified that 90 days could be allowed as the maximum. It was explained that the notice he sent was a standard form. On redirect examination the section was again referred to with respect to the allowance of additional time and as to the conditions under which further time could be allowed. Under the circumstances disclosed by the record, we think it was not improper to inform the jury as to the literal contents of the much talked about section. We do not believe that the reading of the section

174

of the building code referred to was likely to, or actually did, result in any misleading of the jury as to the issues before them in this case.

■ Appellants' next contention is that the court erred in refusing to permit appellants to elicit opinion evidence as to the cause of the collapse of the wall. Mr. Arons, one of the defendants, was called by counsel for appealing defendants as a defense witness. He was the wrecker who had agreed with appealing defendants, owners of the wall, to level it. Objection was made by counsel for plaintiffs and the objection was sustained by the court. No offer of proof was made and hence this court cannot assume that the testimony, if given, would have been favorable to appellants. Upon this record we cannot predicate error.

■ Appellants' final contention is that the damages awarded plaintiffs are excessive and are unsupported by the evidence. The verdict brought in by the jury was for the sum of $10,558.80 and was against the defendants Mento and Dillier only. Upon motion for a new trial upon the ground, among others, that the damages awarded were excessive and the result of passion and prejudice, the trial judge issued an order granting the motion for a new trial unless plaintiffs agreed to a reduction in the damages to the sum of $4,908.80. Appellants now argue that even as reduced the damages are excessive. On a record such as this where the jury's verdict has been reexamined by the trial judge and has been materially reduced to less than half, we cannot say that, as reduced, the damages are still excessive.

■ Although, as we have said, evidence to rehabilitate the inspector should have been received, we cannot on this record say that the error was prejudicial. The case was thoroughly and ably tried on both sides. The jury was fully instructed. A reversal is not called for.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied January 6, 1961, and appellants' petition for a hearing by the Supreme Court was denied January 31, 1961.