**Jo Anne Jorgensen, a Minor, by Arthur M. Jorgensen, Her Father and Next Friend, Plaintiff-Appellant, v. David Nudelman, a Minor, by Harold Nudelman, Father and Guardian ad litem, Defendant-Appellee.**

Gen. No. 48,790.

First District, First Division.

December 31, 1963.

Burthmore, Good, Bobinette & Myers, of Chicago (Harry L. Rickard and Charles K. Bobinette, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

The complaint, brought on behalf of a nine-year-old girl, alleged that defendant, a six-year-old boy, struck

* See Callaghan's Illinois Digest, same topic and section number.

her with a stone, causing loss of sight in one eye. Defendant's motion for summary judgment was allowed and the complaint was dismissed by the trial court which held that defendant as a matter of law was conclusively presumed not responsible for his alleged tortious conduct because he was less than seven years of age.*

On plaintiff's appeal the only question to be determined is whether or not the complaint states a cause of action.

■ We shall first consider Count II of the complaint which charges that the act of throwing the stone was negligent. In Seaburg v. Williams, 23 Ill App2d 25, 30, 161 NE2d 576, leave to appeal denied, 18 Ill2d 628, in a somewhat different setting, the court said:

> [W]e would have no hesitancy in holding that a minor under the age of seven years is conclusively presumed to be incapable of negligent conduct for the same reasons assigned for holding that a minor of the same age is conclusively presumed to be incapable of contributory negligence.

While the court itself categorized this comment as dictum, and the question of negligence of a defendant under seven years of age has not been squarely put in any Illinois case, other jurisdictions are in accord with the reasoning of the above quotation. See, e. g., Shaske v. Hron, 266 Wis 384, 63 NW2d 706 (1954); Ellis v. D'Angelo, 116 Cal App2d 310, 253 P2d 675 (1953).

Plaintiff concedes that Illinois has long recognized the common law rule that a child under seven is conclusively presumed to be incapable of contributory negligence. Chicago City Ry. Co. v. Tuohy, 196 Ill

---

* At the time of the occurrence the age of defendant was six years, eleven months, and nine days.

410, 63 NE 997; Maskaliunas v. Chicago & W. I. R. Co., 318 Ill 142, 149 NE 23; Duffy v. Cortesi, 2 Ill2d 511, 119 NE2d 241. See also cases cited in IPI § 11.03. Plaintiff argues, however, that this rule is arbitrary—with which we agree—and that it should, therefore, not be applied as a shield on behalf of a defendant—with which we do not agree.

The basis for the contributory negligence rule is the concept that in a child of such tender years his capacity for reasoning is inadequately developed for the task of sorting out the consequences of his actions. Surely this condition of immaturity is a fact which must be related to the acts of the child regardless of whether, as a litigant, he is to be called plaintiff or defendant. The word "contributory" cannot be considered as delimiting the scope of the rule, but only as applying it to the relationship between the parties in a particular case and relating it to the principle of proximate cause. Village of Clayton v. Brooks, 150 Ill 97, 105, 37 NE 574. If it were otherwise, how ridiculous it would be, in a suit between two minors under seven, if both children were injured and defendant filed a counterclaim. Then, if plaintiff's theory were applied, the same act of each child could render both children guilty of negligence as defendants and not guilty of contributory negligence as plaintiffs. We cannot bring ourselves to believe that the law contemplates such an absurdity.

We believe that the trial court's judgment was correct in dismissing Count II of the complaint.

Count I alleges that defendant "wrongfully and unlawfully, with force and arms . . . assaulted the plaintiff" by hitting plaintiff with a stone. We believe this alleges a non-negligent or intentional tort within the class of wrongs considered in Seaburg v. Williams, 16 Ill App2d 295, 148 NE2d 49. The Seaburg plaintiff alleged that a five-year-old boy burned down

his garage. The Appellate Court reversed the dismissal of the cause, holding the complaint to be sufficient. The basis for its holding apparently was the rule for which support was found at the common law: a child is civilly liable for torts, unconnected with his contracts, unless in the commission of the tort there is required to exist some element which the infant is presumed not to possess. Reference was made to Restatement of Torts (Comment a to § 887, pp 467–68 (1939)); 27 Am Jur, Infants, §§ 90, 91; Prosser on Torts (1941 ed) c 21, § 1085, pp 1085–89; 43 CJS, Infants, § 87; and 31 CJ, Infants, § 203, note 26.

The court believed, as we do, that no element of an intentional tort was necessarily lacking in the child. It was a question of fact whether the particular child had the capacity to intend the act and possessed that intention.

The court in Ellis v. D'Angelo, 116 Cal App2d 310, 253 P2d 675 (1953), held that a count for battery of a babysitter by a four-year-old boy was legally sufficient.

In Garrett v. Dailey, 46 Wash2d 197, 279 P2d 1091, 1094 (1955), suit was brought against a five-year-old child for injuries caused to plaintiff when defendant removed a chair from the place where plaintiff was about to sit down. In remanding for clarification of facts the Supreme Court held that "[a] battery would be established if, in addition to plaintiff's fall, it was proved that, when [defendant] moved the chair, he knew with substantial certainty that the plaintiff would attempt to sit down where the chair had been."

The reason for the distinction between the two types of torts arises from the different degrees of maturity required to appreciate the consequences of negligence as against intentional harm. We believe that while a six-year-old child is incapable of realizing that his carelessness might foreseeably lead to another's injury,

the same child may have the capacity to intend an injurious act.

Accordingly, the summary judgment for defendant as to Count II is affirmed, as to Count I is reversed, and the cause is remanded for further proceedings not inconsistent with the views we have expressed.

Affirmed in part, reversed in part, and remanded with directions.

MURPHY and BURMAN, JJ., concur.