HOLBROOK, ADMR., APPELLANT, *v.* HAMILTON DISTRIBUTING, INC., APPELLEE.

(No. 40625—Decided July 19, 1967.)

186

*Messrs. Holbrock & Johnson* and *Mr. George N. Johnson,* for appellant.

*Messrs. Fitton, Pierce, Baden & Wynn,* for appellee.

HERBERT, J. In fashioning a rule of law to be applied in cases where it is claimed that a child under seven years of age was contributorily negligent, we are presented with three choices. The first is that a child under seven years of age is *conclusively presumed* to be incapable of contributory negligence. *E. g., Walston, Admr.,* v. *Greene* (1958), 247 N. C. 693, 102 S. E. 2d 124. The second is that a child under seven years of age is presumed to be incapable of contributory negligence but that *such presumption is rebuttable. E. g., Bush* v. *New Jersey & New York Transit Co., Inc.* (1959), 30 N. J. 345, 153 A. 2d 28, 77 A. L. R. 2d 908. The third is that the question of contributory negligence of a child is always a *fact question* for the jury upon proper instructions concerning the child's special standard of care unless, of course, reasonable minds could come to but one conclusion from the evidence. *E. g., Tyler* v. *Weed* (1938), 285 Mich. 460, 280 N. W. 827; Prosser, Law of Torts (3 Ed.) 158

and 159. The trial court applied the second test in the case at bar.

Our sister jurisdictions are sharply divided on this question. The above cited cases exhaustively discuss the division of authorities, as do the excellent annotations at 107 A. L. R. 4, 174 A. L. R. 1080, 77 A. L. R. 2d 917. Hence, there is no need to duplicate those efforts here.

Ohio has to varying degrees embraced all three choices. In *Scherer* v. *Wood* (1924), 19 Ohio App. 381, an action for injuries received when defendant's automobile struck the six-year-old plaintiff, the Court of Appeals held that it was a factual question for the jury whether the plaintiff exercised "that care which children of the same age, education, and experience are accustomed to exercise under similar circumstances." The court relied on similar statements in *Rolling Mill Co.* v. *Corrigan* (1889), 46 Ohio St. 283; *L. E. & W. Rd. Co.* v. *Mackey* (1895), 53 Ohio St. 370; and *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Grambo, Admr.* (1921), 103 Ohio St. 471. However, in none of those cases was the plaintiff under seven years of age. In fact, in *Mackey, supra,* at page 383, there is the suggestion that children under seven years of age are, by analogy to the criminal law, conclusively presumed incapable of contributory negligence.

In *May* v. *Szwed* (1941), 68 Ohio App. 459, the Court of Appeals said that a six-year-old plaintiff is held to that degree of care which children of that age are accustomed to exercise under similar circumstances. But the court did not enter into any discussion of the question, nor did it support itself by reference to any authority.

Unlike the above decisions of the Courts of Appeals, the decisions of this court, as *Mackey* suggests, have adhered to a rule that a child under seven years of age is presumed—conclusively or rebuttably—to be incapable of contributory negligence. In *Bellefontaine and Indiana Rd. Co.* v.. *Snyder* (1868), 18 Ohio St. 399, 408-09, a personal-injury action brought on behalf of a six-year-old child, the court, page 408, said:

"It is well settled that an adult person capable of self-control cannot recover for injuries occasioned by negligence, where he has himself also been guilty of negligence which contributed

to the result. This rule of law is founded upon reason, and considerations of justice and public policy, which it seems to us are wholly inapplicable to the case of an infant plaintiff. These reasons and considerations are: (1) the *mutuality* of the wrong, entitling *each* party alike, where both are injured, to his action against the other, if it entitles either; (2) the impolicy of allowing a party to recover for *his own* wrong; and (3) the policy of making the *personal interests* of parties dependent upon *their own* prudence and care. All these are wanting in the case of an infant plaintiff. * * *"

In *DeGroodt, Exrx., v. Skrbina, Admr.* (1924), 111 Ohio St. 108, 113, the court appeared to accept the conclusive-presumption approach suggested in *Mackey* and *Snyder*. The action was brought by the administrator of the estate of the deceased infant. It was alleged in the petition that through the negligence of the defendant a dump wagon was allowed to roll down an incline and over the decedent, who was then six years old. However, the testimony at trial indicated that the infant was only five years old at the time. The year's difference was insignificant to the court, for it said:

"* * * In view of the infant's age he could not be held culpable of contributory negligence, since an infant of five or six years could hardly appreciate the danger imminent from starting this dump wagon down the descending grade of the street. * * *"

Although the writer of that language appears to be alluding to the conclusive-presumption doctrine, it is arguable that he was stating merely that reasonable minds could reach only one conclusion, that the infant was not contributorily negligent under the circumstances. However, in *Gottesman, Admr., v. Cleveland* (1944), 142 Ohio St. 410, the court quoted that language with apparent approval but adopted neither the conclusive-presumption nor the purely factual approaches which such language might suggest. Rather it combined the two approaches to formulate a rebuttable-presumption rule. This the court held, in paragraph two of the syllabus:

"A child between the ages of 4 and 5 years, in the absence of evidence that he has discretion and understanding to appre-

ciate a danger which confronts him, is not chargeable with negligence.''

In *Gottesman*, the court failed to note its prior decision in *Snyder*. It thus achieved the anomalous result that, whereas six-year-old plaintiffs were conclusively presumed incapable of contributory negligence, four-year-old plaintiffs were only rebuttably presumed incapable of such conduct.

Thus, in view of the conflict of authority within and without this state, we are relatively free to adopt whatever rule is best fitted to meet the demands of justice and society.

Thus, in view of the quality of the evidence generally presented to prove that an infant was contributorily negligent and in view of the general incapacity of children under seven years of age to be contributorily negligent, the conclusive-presumption approach of *Snyder, Mackey*, and *DeGroodt* provides a clear and simple rule which we believe will reach just and accurate results while also achieving a desirable judicial economy.

Since we choose to follow *Snyder, Mackey*, and *DeGroodt*, paragraph two of the syllabus of *Gottesman* must be, and hereby is, disapproved to the extent that it is inconsistent herewith.

Therefore, since we hold as a matter of law that a child under seven years of age is incapable of contributory negligence, the submission of that issue to the jury constituted error. However, defendant contends that even if the submission of that issue constituted error, such error was not prejudicial under the two-issue rule of *Sites* v. *Haverstick* (1873), 23 Ohio St. 626. However, that argument must be rejected under the authority of *Ricks* v. *Jackson* (1959), 169 Ohio St. 254, which, in paragraph four of the syllabus, held:

''4. The so-called two-issue rule does not apply where there is a charge on an issue upon which there should have been no charge.''

Moreover, in *Cincinnati Traction Co.* v. *Forrest* (1905), 73 Ohio St. 1, this court held it was prejudicial error to charge on contributory negligence when the evidence did not raise a question on that issue. It follows that the trial court's charge on contributory negligence in the instant case, when the evience, as a matter of law, could not have raised such an issue,

was likewise prejudicial error. Hence, the judgment of the Court of Appeals is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL and BROWN, JJ., concur.
ZIMMERMAN, J., concurs in judgment only.