BETTY MARLYN QUILLIAN, Individually and as Guardian Ad Litem for CATHERINE ANN QUILLIAN, a Minor, Appellants, v. ELLEN FERN MATHEWS and H. CLYDE MATHEWS, Jr., Wife and Husband, and EDWIN A. MITCHELL, Respondents.

No. 5984

March 25, 1970                    467 P.2d 111

*Goldwater, Taber, Hill and Mortimer,* of Reno, for Appellants.

*Leslie B. Gray* and *Richard P. Wait,* of Reno, for Respondents Ellen Fern Mathews and H. Clyde Mathews, Jr.

*Wait & Shamberger,* of Reno, for Respondent Edwin A. Mitchell.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from a verdict and judgment for the defendants in a personal injury action commenced by a mother on behalf of her six-year-old daughter. The main issue is whether a child of that age may possess the capacity to be contributorily negligent. The district court, after questioning the child out of the presence of the jury, determined that the issue of her contributory negligence should be submitted to the jury for resolution under appropriate instruction. The appellants contend that this was reversible error. A subordinate claim of error concerning jury instructions also is pressed. We have concluded that the district court ruled properly throughout and affirm the judgment.

The daytime accident giving rise to this litigation happened when the six-year-old child was attempting to cross East Plumb Lane at its intersection with Locust Street in Reno, Nevada. East Plumb Lane is an east-west arterial with four lanes of traffic, two in each direction, plus a left-turn lane for cars traveling east on Plumb and intending to turn north onto Locust. A narrow island, or median strip, separates the west and east lanes on Plumb. There was a stop sign for those driving south on Locust. There were no other traffic controls at the intersection. The speed limit on Plumb Lane was 30 miles per hour.

The six-year-old child and her eight-year-old playmate, each with parental permission, had gone to the Mayfair Market, walking north across Plumb to get there. After buying candy they separated, and the six-year-old started home alone. She crossed the westbound lanes of Plumb to the narrow island or median strip. At that moment the defendant Mitchell's car

was stopped on Plumb, short of the crosswalk, in the left-turn lane, intending to turn north onto Locust. The defendant Mathews was driving east on Plumb within the speed limit in the lane adjoining that occupied by the Mitchell car and "a couple of car lengths" behind. The child, without looking to the right or left, ran in front of the Mitchell car and was struck by the Mathews car which, with brakes applied, could not stop in time. The child was seriously injured. She had crossed that intersection several times before without adult supervision and had been instructed at home and school how to safely cross a street. The facts concerning the accident were controverted. We have related those which support the verdict reached by the jury.

1. The court instructed the jury on the subject of contributory negligence. The degree of care applicable to a six-year-old child was properly stated.[1] The appellants simply contend that the instruction should not have been given at all since a six-year-old child is incapable of negligence, as a matter of law. This point of view has found the approval of some courts and has been rejected by others. The cases are collected in a series of annotations, 107 A.L.R. 4, 174 A.L.R. 1080 and 77 A.L.R. 2d 917. Nevada has not decided the point. Perhaps the best expression in support of the appellants' position is the case of Holbrock v. Hamilton Distributing, Inc., 228 N.E.2d 628 (Ohio 1967). The court mentioned the three choices available to it: first, that a child under seven years of age is conclusively presumed to be incapable of contributory negligence; second, that a child under seven years of age is presumed to be incapable of contributory negligence but the presumption is rebuttable; third, that the question of contributory negligence of a

---

[1]The instruction read: "A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily would be exercised by children of the same age, intelligence and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine whether the conduct of Catherine Quillian, was or was not such as might reasonably have been expected from a child of the same age, intelligence and experience under the same or similar circumstances. If you determine that it was, then her conduct was not negligence. If you find that it was not, then her conduct was negligence.

"The rule just stated applies even when the evidence shows a child may have violated an ordinance. The question whether or not the child was negligent must still be answered by the above standard as I have stated it to you."

child is always a fact question for the jury upon proper instructions concerning the child's special standard of care, unless, of course, reasonable minds could come to but one conclusion from the evidence. The Ohio court then adopted the conclusive presumption approach. The numerical weight of authority appears to favor the third approach mentioned. The California (Courtell v. McEachen, 334 P.2d 870 (1959)) and Utah (Mann v. Fairbourn, 366 P.2d 603 (1961)) cases are illustrative. Professor Prosser states: "The great majority of the courts have rejected any such fixed and arbitrary rules of delimitation, and have held that children well under the age of seven can be capable of some negligent conduct. Undoubtedly there is an irreducible minimum, probably somewhere in the neighborhood of four years of age, but it ought not be fixed by rules laid down in advance without regard to the particular case. As the age decreases, there are simply fewer possibilities of negligence, until finally, at some indeterminate point, there are none at all." Prosser on Torts, pp. 158–159 (3d ed. 1964). Accord: Rest. of Torts, Second, Sec. 283a.

In our opinion it is not advisable to establish a fixed and arbitrary rule, and we reject the view espoused by the Ohio court in Holbrock v. Hamilton Distributing, Inc., supra. We prefer to treat the issue of contributory negligence of a child as a fact issue for the jury upon proper instructions unless reasonable minds could come to but one conclusion from the evidence. This allows for a degree of flexibility in the handling of each case as it comes before the trial court. That court may decide initially whether reasonable minds could believe that the particular child has the capacity to exercise that degree of care expected of children of the same age, experience and intelligence in similar circumstances. Should the court determine that the child has such capacity, the jury then is to decide whether such care was exercised in the particular case. Should the court rule otherwise, then, of course, the issue of contributory fault would not be submitted for jury resolution. This procedure was followed in the case at hand, and we approve it. The evidence supports the court's conclusion that the plaintiff-child possessed the capacity of a normal six-year-old. Indeed, the appellants do not contend otherwise.

2. The trial court instructed the jury about a city traffic ordinance which concerned the right of way of pedestrians in

a crosswalk.[2] By a separate instruction the jury was advised that a violation of that ordinance by any of the *defendants* was negligence as a matter of law.

The plaintiffs-appellants complain of paragraph (b) of that instruction, and contend that the jury should have been advised that the provision of that paragraph does not apply to a six-year-old child. In another instruction the court informed the jury that the standard of care applicable to a child applies "even when the evidence shows a child may have violated an ordinance." See instruction quoted in footnote 1. The court did not, at any time, inform the jury that an ordinance violated by the child was negligence per se. This case is thus set apart from the California decision in Daun v. Truax, 365 P.2d 407 (1961), upon which this claim of error rests. In Daun v. Truax, the trial court gave instructions almost identical to those here involved, but in addition, advised the jury that a violation constituted negligence as a matter of law. Id. at 410. This created an important contradiction which caused the appellate court to reverse. That contradiction is not present in the instructions given to the jury in this case.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[2]The instruction: "On August 27, 1966, there was in force in the City of Reno, State of Nevada, an Ordinance, the pertinent parts of which read as follows:

"Section 10–122. Pedestrians' Right of Way in Cross Walks. "(a) When traffic-control signals are in place and in operation, or not in place, or not in operation, the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be, to so yield to a pedestrian crossing the roadway within a cross walk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger. "(b) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.
\* \* \* \*
"(d) Whenever a vehicle is stopped at a marked cross walk or at any unmarked cross walk at an intersection, to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."