Shiflet, Appellant, v. Segovia et al., Appellees.

[Cite as Shiflet v. Segovia (1974), 40 Ohio App. 2d 244.]

■■■■■■■■

■■■■■■■■

(No. 73AP-438—Decided March 26, 1974.)

■■■■■■■■

*Messrs. Tyack, Scott & Colley* for appellant.
*Messrs. Wiles, Doucher & Tressler* and *Mr. Stanley K. Van Buren*, for appellees.

Troop, P. J. This appeal is taken from a Decision and Judgment Entry of the Common Pleas Court of this county filed October 15, 1973, dismissing the action filed by the plaintiff, Melinda E. Shiflet, a minor, by her father and next friend, Melvyn L. Shiflet, against Juan Segovia, a minor, and his parents, Victor and Mary Segovia—the father and natural guardian and the mother of Juan.

The notice of appeal also recites an appeal from the court's order of November 8, 1973, overruling a motion for reconsideration. In addition to its order, the court in its "decision," on the motion for reconsideration, stated the following:

"If a minor is of such tender years that he cannot be liable in negligence, he cannot be liable in tort, or for assault and battery, because assault and battery required intent which the minor is incapable of forming."

Two motions were in fact filed in the matter, one by the minor and one by the parents, both asserting that the complaint failed to state a claim upon which relief could be granted. The memorandum of counsel indicates that the motions were predicated upon the provisions of Civ. R. 12 (B), authorizing an attack by motions in certain instances.

A single assignment of error is offered in support of the appeal; *i. e.*, that the court erred in sustaining defendants' motions to dismiss the action.

It is noted that Civ. R. 8(A) provides that an original claim shall contain "* * *a short and plain statement of the claim showing that the pleader is entitled to relief * * *." In the instant case the statement of the claim is not only "concise" it is positively meager.

The focal point in this appeal is found in paragraph two of the complaint, which reads:

"2. On or about September 10, 1969, defendant, Juan Segovia, minor son of Victor and Mary Segovia injured plaintiff by throwing a rock and striking her on the right side of the head, causing damages as set forth below."

Paragraph three of the complaint sets out the alleged resulting injuries.

Since our civil rules find their origin in the federal rules, we frequently look to materials associated with those rules. In 1A Barron and Holtzoff, Federal Practice and Procedure, page 52, the authors say of federal provision 8, which directs the pleader to be concise, the following:

"* * * This provision indicates clearly the intention of the rules to avoid technicalities and to require only that the pleading give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved. Pleadings are liberally construed under Rule 8(f) and a complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts which can be proved in support of its allegations."

Counsel for parties to any action strive diligently to bring an early end to an opponent's pleadings and procedural actions. Older concepts of appropriate pleading must however be modified to fit present rules. The demurrer is gone. Several rules are available to bring about an early demise of an opponent's cause. Common use of discovery procedures, the pretrial hearing, and summary judgments frequently precipitate the end. It is suggested by the textwriters in Barron that the sole remaining function of a

complaint is to give notice. In the instant case, the complaint gives notice that one minor was hurt by the act of another minor. The details surrounding the injury will be ascertained by facts established by all of the available procedural devices under modern rules, or, in the ultimate, by the trial of the cause and the introduction of evidence.

In our examination of pleadings, Civ. R. 8(F) states: "All pleadings shall be so construed as to do substantial justice."

That amendments to pleadings are now possible under the rules must also not be overlooked. Civ. R. 15 specifies the appropriate times at which an amendment to pleadings is possible, including the possibility of an amendment to conform to the evidence. That the right to amend is a broad one gets support from Civ. R. 15(A), which states: "Leave of court shall be freely given when justice so requires."

The order of the trial court, November 9, 1973, speaks, as quoted *ante,* of a minor of "such tender years," when in fact the age of both minors involved in the action is neither pleaded, nor supported by evidence. The only statement as to the age of either minor is found in the memorandum of counsel for the defendants, the appellees herein, by reference to another case formerly before the common pleas court.

It would appear from the language employed by the trial court, that its conclusion was that, whatever the plaintiff may have pleaded, "no relief can be granted under any set of facts which can be proved in support of its allegations."

It is only necessary to comment on two decisions that have been cited as providing applicable decision law. The decision in *Holbrock* v. *Hamilton Distributing Inc.* (1967), 11 Ohio St. 2d 185, is noted for having held that a child under seven is incapable of contributory negligence. This is a rather limited concept—too limited to be regarded as generally applicable.

On the other hand a much broader concept comes from *Allstate Fire Ins. Co.* v. *Singler* (1967), 9 Ohio App. 2d 102. The syllabus in that case states:

"A minor is liable, at any age, for a tort committed

by him with force. The controlling intent in such case is the intent of the minor to complete the physical act. It is not necessary that such minor have an intent to produce injurious consequences by such act.''

A possible cloud may hang over the *Allstate* rule because of the further appeal of the cause to the Ohio Supreme Court. The decision of that court, rendered in 1968, carries a similar title and is reported in 14 Ohio St. 2d 27.

In its decision, the Supreme Court appears not to have been concerned with the fact that the two defendants involved were minors. Its attention centered on the court's own prior holding that a trespasser was liable if his trespass was the proximate cause of all of the damage, or if the damage suffered was a direct result of the hazard or risk he created. (Page 29.) The Supreme Court did not disturb the syllabus rule authored by the First District Court of Appeals, but simply remanded the cause for retrial on the question of the proximate cause and damages to the one defendant and, as to the other defendant, dismissed the complaint, holding that there was no evidence in the record which indicated that he was a trespasser.

Since there is no decision law in Ohio squarely directed to a consideration of the liability of a minor for a tort committed by force, we must resort to decisions from other jurisdictions and to general works.

In 67 A. L. R. 2d 570, at page 573, paragraph 3 of the annotation speaks, in point, as follows:

''There are certain torts, based on a direct application of force to the plaintiff's person or property, as to which liability may be imposed on a showing that defendant intentionally activated the force in question, without any necessity of showing that he intended harm, and the courts appear to be agreed that in so far as a young child can form the intention to do the physical act releasing the harmful force he can be held liable.''

One decision noted in the annotation is that of an Illinois Court of Appeals in *Seaburg* v. *Williams* (1958), 16 Ill. App. 2d 295, 148 N. E. 2d 49. Headnotes in 148 N. E. 2d supply basic facts and rules.

''1. A cause of action for a nonnegligent tort or pure

tort, may be maintained in Illinois against a minor of six years of age."

"4. Where property owner brought action against six year old defendant to recover for damages to building and contents therein set on fire by defendant * * * first count of complaint alleging tortious conduct of defendant was sufficient to state a cause of action * * *."

The cause was reversed and remanded by the reviewing court.

That same cause came back to the Court of Appeals in 1959, and the second Court of Appeals decision in the matter is reported in 23 Ill. App. 2d 25, 161 N. E. 2d 576. The disposition of this second appeal is reflected in headnote three, in 161 N. E. 2d, which states:

"In action to recover for loss of garage burned by five year eleven month old minor defendant, evidence negatived any intention on part of minor to set fire to garage and personal property as alleged in complaint, and evidence of his age, capacity, intelligence, and experience disclosed that minor lacked a mental and moral capacity to possess an intention to do act complained of."

These tandem decisions establish one basic rule; that is, the age of a minor is not determinative of liability in a given "force type" tort situation as a matter of law, but the liability of the minor can only be "negatived" by evidence as to capacity to possess an intention to do the act complained of. (A. L. R. 2d Later Case Service (64-72), page 243, reports the second appeal. Notes reflect the Illinois rule which appears to be generally followed.)

A later Illinois decision in *Jorgensen* v. *Nudelman* (1963), 45 Ill. App. 2d 350, 195 N. E. 2d 422, reflects a fact pattern almost on all fours with the one presently before this court, in that a nine-year-old girl was struck by a stone alleged to have been thrown by a six-year-old boy, causing the loss of an eye.

The court in *Jorgensen* recognized the *Seaburg* decision and the rule applied. It elected further to contrast negligence and tort situations as respects a "child." Two headnotes in 195 N. E. 2d deserve to be quoted.

"5. Reason for distinction between negligent and intentional torts as respects civil liability of children arises from different degrees of maturity required to appreciate consequences of negligence as against intentional harm.

"6. Six-year-old child, though incapable of realizing that his carelessness may foreseeably result in injury to another, may have capacity to intend an injurious act."

The Illinois Court of Appeals sustained the trial court's summary judgment holding that a child of seven was conclusively presumed to be incapable of negligence, but remanded the cause on the one count alleged by plaintiff that there was a "non-negligent" or "intentional tort" for which the child would be civilly liable.

This court makes no attempt to surmise what may ultimately be proved to support the claim alleged in the complaint before us, or in any way pass upon the merits of the cause, but the court does feel strongly that, under the present civil rules, the dropping of the guillotine at the procedural way station at which the trial court was persuaded to become the executioner was in error.

For the reasons advanced, the assignment of error offered by the plaintiff is held to be well taken, the judgment of the trial court is reversed, and the cause is remanded for further proceedings according to law,

*Judgment reversed and cause remanded.*

STRAUSBAUGH and WHITESIDE, JJ., concur.