Dennis CLARK, a minor by William H. Clark, his father and next friend, et al., Plaintiffs-Appellants,

v.

CIRCUS–CIRCUS, INC., a Nevada Corporation, Defendant-Appellee.

No. 74–1321.

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1975.

Raymond E. Sutton, Las Vegas, Nev., for plaintiffs-appellants.

Beckley, Delanoy & Jemison, Las Vegas, Nev., for defendant-appellee.

OPINION

Before HUFSTEDLER and TRASK, Circuit ,Judges, and HILL,* District Judge.

HUFSTEDLER, Circuit Judge:

The Clarks on behalf of themselves and their minor child, Dennis, appeal from a judgment in favor of Circus-Circus, Inc. ("Circus"), entered after a jury verdict in their action for damages for personal injuries suffered by Dennis. Jurisdiction was based on diversity.

At the time of the accident Dennis was 4 years, 5 months, and 26 days old. He struck a chain suspended about 4 feet from the ground as he was running towards his mother in Circus's parking lot in Nevada. He struck his mouth, thereby sustaining the injuries upon which the complaint is founded.

The principal claim of error is the district court's instruction to the jury permitting it to find that Dennis was contributorily negligent.[1] The instruction was a slightly modified version of an instruction approved in *Quillian v. Mathews* (1970) 86 Nev. 200, 467 P.2d 111.

We agree that Nevada law controls, and the only Nevada case which we have been able to discover that deals with contributory negligence of children is *Quillian.* However, we believe that the district court misread *Quillian.* That case involved personal injuries sustained by a six-year old child when she darted in front of a car as she was crossing an

---

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

1. "A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily would be exercised by children of the same age, intelligence and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his own negligent actions by the same standard as applies to adults. It is for you to determine whether or not the conduct of Dennis Clark was or was not such as might reasonably have been expected from a child of the same age. If you determine that it was, then his conduct was not negligent. If you find that it was not, then his conduct was negligent.

"If you find by a preponderance of the evidence that Dennis Clark did not exercise the amount of care that an ordinary child of the same age and experience and intelligence would have used in the same or similar circumstances for his own safety, if you find that Dennis Clark did not use his senses of sight and hearing as an ordinary child of the same age, experience and intelligence would have done to appreciate and avoid the danger under like or similar circumstances, and that he thereby contributed to his own injuries, then your verdict will be for the defendant."

arterial four-lane city street. The child appellant argued that a child of six could not be contributorily negligent. In rejecting the claim, the Nevada court reviewed the varying approaches to the question of contributory negligence of children, and adopted the following test:

"[T]he question of contributory negligence of a child is always a fact question for the jury upon proper instructions concerning the child's special standard of care, *unless, of course, reasonable minds could come to but one conclusion from the evidence.*

. . . . .

The California (*Courtell v. McEachen*, 51 Cal.2d 448, 334 P.2d 870 (1959)) and Utah (*Mann v. Fairbourn*, 12 Utah 2d 342, 366 P.2d 603 (1961)) cases are illustrative. Professor Prosser states: 'The great majority of the courts have rejected any such fixed and arbitrary rules of delimitation, and have held that children well under the age of seven can be capable of some negligent conduct. Undoubtedly there is an irreducible minimum, probably somewhere in the neighborhood of four years of age, but it ought not to be fixed by rules laid down in advance without regard to the particular case. As the age decreases, there are simply fewer possibilities of negligence, until finally, at some indeterminate point, there are none at all.' Prosser on Torts, pp. 158–159 (3d ed. 1964). Accord: Rest. of Torts, Second, Sec. 283a.

In our opinion it is not advisable to establish a fixed and arbitrary rule. . . . We prefer to treat the issue of contributory negligence of a child as a fact issue for the jury upon proper instructions unless reasonable minds could come to but one conclusion from the evidence. This allows for a degree of flexibility in the handling of each case as it comes before the trial court. That court may decide initially whether reasonable minds could believe that the particular child has the capacity to exercise that degree of care expected of children of the same age, experience and intelligence in similar circumstances. Should the court determine that the child has such capacity, the jury then is to decide whether such care was exercised in the particular case. Should the court rule otherwise, then, of course, the issue of contributory fault would not be submitted for jury resolution. This procedure was followed in the case at hand, and we approve it. The evidence supports the court's conclusion that the plaintiff-child possessed the capacity of a normal six year old. Indeed, the appellants do not contend otherwise."

(467 P.2d at 113. Emphasis added.)

*Courtell v. McEachen*, Prosser and the Restatement of Torts, Second, relied on by *Quillian*, agree that young children over 5 years of age can be capable of contributory negligence, and, unless there is some showing of incapacity over and above their age, the question whether the particular child under the circumstances was contributorily negligent is a matter for the jury. However, the same authorities also recognize that children in the vicinity of 4 years old do not have the capacity of being contributorily negligent.[2] The California authorities, in

---

2. *Courtell v. McEachen, supra*, 51 Cal.2d at 454, 334 P.2d at 873: "The questions whether a child was capable of exercising care to avoid the particular danger encountered and whether, if so, the child failed to exercise due care, thereby contributing to the injury, are normally for the trier of fact to determine. . . . [C]ourts have rejected the theory that a child of plaintiff's age, namely, between five and six, is incapable of contributory negligence as a matter of law. [citation omitted]"

*Mann v. Fairbourn, supra*, 12 Utah 2d at 346, 366 P.2d at 606· " 'The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question of fact for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts, or so old and mature that the court must know that, though an infant, yet it is responsible.' "

Restatement of Torts, Second, § 283A, comment *b*: "Undoubtedly, there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found. . . ."

line with *Courtell,* which have dealt with children under 5 years old uniformly have held that such children are incapable of contributory negligence. (*E. g., Crane v. Smith* (1943) 23 Cal.2d 288, 144 P.2d 356 (3 year old); *Morningred v. Golden State Co.* (2d Dist. 1961) 196 Cal.App.2d 130, 16 Cal.Rptr. 219 (4 year old); *Christian v. Goodwin* (2d Dist. 1961) 188 Cal.App.2d 650, 10 Cal.Rptr. 507 (4 years 7 months) [*Christian* collects authorities nationwide for the proposition that children between 4 and 5 years old are incapable of contributory negligence]; *Ellis v. D'Angelo* (1st Dist. 1953) 116 Cal.App.2d 310, 253 P.2d 675 (4 year old); *see also Fowler v. Seaton* (1964) 61 Cal.2d 681, 687–88, 39 Cal.Rptr. 881, 394 P.2d 697.

■■■ The holding of *Quillian,* of course, does not apply to Dennis. But we think the dictum is controlling for want of any clearer authority from Nevada: A child of Dennis's age cannot be contributorily negligent because he is "incapable of realizing that his heedless conduct may foreseeably lead to [his] injury." (*Ellis v. D'Angelo, supra,* 116 Cal. App.2d at 315, 253 P.2d at 677.) The district court should have taken judicial notice that a 4½ year old child running to his mother could not be held responsible for his acts when he ran into the chain. (*See Mann v. Fairbourn, supra,* 12 Utah 2d at 346, 366 P.2d at 606.) The district court erred in concluding that the child was capable of contributory negligence and thereafter in submitting the question of contributory negligence to the jury.

We do not think there is enough merit in the other two contentions to require comment.

Reversed and remanded.

IRVING HILL, District Judge (concurring):

I concur in the result but with misgivings.

This being a diversity case, the Nevada law of torts controls. The majority

holds that "the district court should have taken judicial notice that a 4½ year old child running to his mother could not be held responsible for his acts when he ran into the chain . . . The district court erred in concluding that the child was capable of contributory negligence and thereafter in submitting the question of contributory negligence to the jury."

I read the above language as announcing as the law of Nevada that a child of 4½ years, as a matter of law, cannot be guilty of contributory negligence and in no case involving a child of this age may an issue of contributory negligence be submitted to the jury.

I am not at all sure that the rule of law which the majority apply is in accord with Nevada law as enunciated by the Nevada Supreme Court. About all that can safely be said is that the rule of law enunciated by the majority is not foreclosed by any reported Nevada decision.

As the majority observes, the only Nevada decision on the subject of negligence by minors is *Quillian v. Mathews, supra,* which involved a 6 year old child. I find the *Quillian* opinion far from clear. As to what rule of law the Nevada court would adopt with respect to a 4½ year old child, *Quillian* is like a classical mystery story. There are clues in it pointing in several directions. There are, in my view, more clues which point to a rejection of the rule of law enunciated by the majority than there are pointing to its adoption.

In *Quillian,* the child's guardian contended that the Nevada court should hold that a six year old was incapable of negligence as a matter of law. The Nevada court reviewed three different approaches which American courts have taken on the issue of the negligence of children, i. e., (1) a child under 7 is held incapable of negligence as a matter of law, (2) such a child is presumed to be incapable of negligence but the presumption is rebuttable, and (3) such a child is capable of negligence, the issue is a fact

question to be submitted to the jury unless reasonable minds can come to but one conclusion from the evidence, in which case the court should take the issue from the jury.

The Nevada court thereafter quoted with approval from Professor Prosser. The Prosser quotation argues that a child under 7 may be guilty of negligence, that there is an irreducible minimum in the neighborhood of 4 years, below which negligence cannot exist but that the irreducible minimum should not be fixed by rules laid down in advance without regard to the particular case.

Then the Nevada court went on to make a choice between the above stated alternatives. It uses language which can be read as saying that there is no rule of law which, in advance, takes the contributory negligence possibility out of a case because the child in question is below a given age. The language of *Quillian* which may lead to that conclusion follows:

"In our opinion it is not advisable to establish a fixed and arbitrary rule, and we reject the view espoused by the Ohio court in *Holbrock v. Hamilton Distributing, Inc., supra* [11 Ohio St.2d 185, 228 N.E.2d 628]. We prefer to treat the issue of contributory negligence of a child as a fact issue for the jury upon proper instructions unless reasonable minds could come to but one conclusion from the evidence. This allows for a degree of flexibility in the handling of each case as it comes before the trial court. That court may decide initially whether reasonable minds could believe that the particular child has the capacity to exercise that degree of care expected of children of the same age, experience and intelligence in similar circumstances. Should the court determine that the child has such capacity, the jury then is to decide whether such care was exercised in the particular case. Should the court rule otherwise, then, of course, the issue of contributory fault would not be submitted for jury

resolution. This procedure was followed in the case at hand, and we approve it." 467 P.2d 111.

With this statement, the Nevada court appears to reject the fixing of any age as one below which a child could not be guilty of contributory negligence as a matter of law. It appears to say that, regardless of age, the question of whether a given child can be contributorily negligent depends on the particular child and his or her capacity and that the trial judge, as a part of determining whether the evidence raises a question of contributory negligence sufficient to go to the jury, may also determine that the particular child did not have the capacity to exercise the required degree of care.

Among the clues which point to the opposite conclusion, the one reached by the majority here, is the citation in *Quillian* of certain California cases. As the majority points out, the California courts have held since 1961 that a child of less than 5 is incapable of contributory negligence as a matter of law. Unfortunately, the *Quillian* opinion neither discusses nor cites those California cases. If Nevada in fact is stating that its law on the subject is the same as California's the majority is correct when it requires the District Court to rule, by the taking of judicial notice, that this Plaintiff could not be guilty of contributory negligence. But neither in *Quillian* nor in any other cases that I have been able to find, has the Nevada court expressly stated that it is adopting the California law on this subject or in torts generally. No statement has even been found to the effect that California cases are persuasive in determining the Nevada law of torts.

Both *Quillian* and the majority cite the *Restatement of Torts, Second,* § 283A, comment b, quoted by the majority in Footnote 2. The Nevada court quotes it with apparent approval. That section of the *Restatement,* however, is also far from clear on the question at bar.

The *Restatement* merely states that there is a minimum age below which no

trier can find contributory negligence and that age is "somewhere in the vicinity of 4 years." The *Restatement* unfortunately does not define the meaning of "in the vicinity". Whether that means under 5 years, under 4½ or under 4, is not specified. The phrase could conceivably have any of the three meanings.

In my personal view, the rule of law which the California courts have adopted, that a child under 5 years of age cannot as a matter of law be guilty of contributory negligence, is a just and proper rule. It accords with my experience of life. Because the Nevada court has spoken so unclearly, the door is left open for the result the majority has reached and I, therefore, concur in it. Certainly, that result is not precluded by the facts of *Quillian*. But I suspect that if and when the Nevada court gets around to deciding the precise question presented in this case, it will decide it differently than this court has done.