RAMSEY ET AL., APPELLANTS, *v.*
KING, APPELLEE.

(No. CA-1215—Decided
March 12, 1984.)

*Ms. Carol Hake* and *Mr. James
Barbeau,* for appellants.

*Mr. Gary D. Ostendarp,* for appellee.

JONES, J. On April 19, 1980, Kristy Ramsey, then three years of age, accompanied her parents and an older sister on a visit to her maternal grandmother's home in Amelia, Ohio. The grandmother resided in a home adjacent to defendant-appellee, Judith King. Kristy was severely bitten by a dog owned by King, thereby sustaining serious personal injuries to her face and nose. The parents, Kathy and Barry Ramsey, along with Kristy, filed suit against King in the Clermont County Court of Common Pleas on January 28, 1982. The action was filed pursuant to R.C. 955.28, the strict liability dog-bite statute. On September 24, 1982, a unanimous jury verdict was rendered in favor of King. Appellants' motion for judgment notwithstanding the verdict of the jury, or alternatively for a new trial, was overruled, and a notice of appeal was timely filed.

Appellants' assignments of error are:

First Assignment of Error:

"The trial court erred in not granting plaintiff-appellant's [*sic*] motion notwithstanding the verdict or new trial since the defendant-appellee failed to prove by a preponderance of the evidence that the bite occurred on defendant-appellee's property."

Second Assignment of Error:

"The trial court erred in not granting plaintiff-appellant's [*sic*] motion for judgment notwithstanding the verdict or new trial since the defendant-appellee failed to prove by a preponderance of the evidence that the plaintiff-appellant teased, tormented or abused the dog at the time the injury occurred."

Third Assignment of Error:

"The trial court erred in not granting plaintiff-appellant's [*sic*] motion for judgment notwithstanding the verdict or new trial for the reason that the evidence was insufficient to establish plaintiff-appellant's behavior as teasing, tormenting or abusing."

Fourth Assignment of Error:

"The trial court erred in failing to grant plaintiff-appellant's [*sic*] motion for a directed verdict on the issue of liability."

We should observe at the outset that there is no claim by King that Kristy was

trespassing on King's property. King claims, however, that she is not liable for the child's injuries because the child was teasing, tormenting, or abusing the dog while the dog was on King's property. The exact location where the dog bite occurred is therefore only relevant in determining whether the dog was on the owner's property *at the time* Kristy's injuries were sustained. Under the language of the statute it would appear that the owner of the dog could be liable to one "teasing, tormenting, or abusing" such dog if the dog were located anywhere other than on the owner's property. Accordingly, in order to prevail on such affirmative defense, it was necessary that the owner prove that the child was teasing, tormenting, or abusing the dog *and* that such dog was on the owner's property. Essentially, therefore, appellants complain that they are entitled to recover because:

(1) King did not prove that the bite occurred on her property;

(2) King did not prove that Kristy teased, tormented, or abused the dog at the time the injury occurred;

(3) Kristy's behavior did not constitute teasing, tormenting, or abusing;

(4) The court erred in not granting appellants a directed verdict on the issue of liability.

There is very little evidence in the record as to the location where the biting occurred. Kristy was too young to testify, and all evidence regarding the location was necessarily circumstantial. The child had been observed playing with the dog, Toby, at various times in King's back yard, back porch, and front yard. Such observations were made by King, her daughter, Holly King, then nine years of age, and Kristy's sister, Amy Ramsey, also nine years of age. The various witnesses agreed that Kristy had been playing with the dog for approximately one hour before she was bitten. No one was observing Kristy and the dog at the moment the biting took place, nor for several minutes prior thereto. The occurrence of the biting was first called to the attention of the witnesses when Kristy was heard to scream and then say "you bad dog." Kristy was then observed on her grandmother's property, running towards her grandmother's house. The dog was simultaneously observed on King's driveway. There was no testimony as to the boundary line between the properties. Accordingly, there was no one who could say with certainty that the biting occurred on King's driveway. Nevertheless, there was circumstantial evidence that the dog was on King's driveway at the time the injury occurred, and a jury question was presented. Essentially, therefore, the first assignment deals with the weight of evidence on the specific question as to the location where the bite occurred. We believe that there was some competent, credible evidence presented to the jury, albeit circumstantial, which would permit the jury to determine the injury occurred at the time the dog was on King's driveway. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. Accordingly, the first assignment of error is overruled.

Having established that there was sufficient evidence for the jury to conclude that the incident occurred on King's property, we must review the evidence regarding teasing, tormenting, and abusing, in considering the second and third assignments of error. R.C. 955.28 provides, in pertinent part:

"* * * The owner or keeper shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person *who, at the time such damage or injuries were sustained,* was *committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property.*" (Emphasis added.)

In charging the jury on this issue,

which King was required to prove by a preponderance of the evidence, the court said:

"THE COURT: A provision of the law which denies recovery to one who is teasing, tormenting or abusing such dog on the owner's property contains wording which is in the alternative. In other words, if any one of the three degrees of treatment is found to exist, the Plaintiff can not recover.

"Teasing means to annoy or to trouble or worry persistently, to be troublesome or to pester.

"Tormenting is conduct which provokes a greater annoyance and implies some torture or pain.

"Abusing is mistreatment which includes some physical injury or pain to the animal."

It would certainly seem conceivable that the same type of conduct might be viewed differently by the dog and the child. In the case at bar, however, there is no direct testimony by any witness that could lead a jury to conclude that the child was teasing, tormenting, or abusing the dog at the time the injury occurred. Appellee, Judith King, testified at various times that:

"A. * * * [S]he was on the porch with the dog and kind of like loving him, trying to love him like a little kid would do.

"Q. Specifically, what was she doing?

"A. She kind of had her arms around his head with her head over and kind of loving him.

"* * *

"A. I asked her if she would please leave the dog alone, he hadn't been feeling well.

"Q. Did she leave the dog alone at that time?

"A. She did at the time that I told her to, as long as I was watching.

"Q. When was the next time you saw Kristy with Toby?

"A. I don't know no time. I seen her once or twice after that and I told her to leave the dog alone, which she did when I would tell her but a three-year old little girl you don't —

"Q. On those one or two occasions that you warned her and saw her again, what was she doing with the dog?

"A. Practically the same thing, just loving at him."

Although the dog had earlier been confined to King's garage, King did not find it necessary to so confine the dog on that particular date, nor did she feel any obligation to take the child back to her mother or have her mother come and get her. It is apparent that King did not anticipate the child being bitten as a result of the manner in which the child was playing with the dog. The record is devoid of any testimony which might constitute conduct equivalent to tormenting or abusing. The only testimony even remotely similar to teasing would be that of Holly King who testified that when Kristy was first with the dog, about one hour before she was bitten, she was following the dog around trying to grab "onto his tail." If such constituted teasing, it nevertheless did not occur at the time the injury was sustained. We therefore hold that King did not present sufficient evidence to prove by a preponderance that the dog was teased, tormented, or abused by Kristy at the time the injury occurred. The second and third assignments of error are well-taken.

For their fourth assignment, appellants urge this court to adopt a rule that a three-year-old child is not capable of teasing, tormenting, or abusing a dog, within the meaning of R.C. 955.28. If such is the law of Ohio, obviously the trial court should have directed a verdict in favor of appellants on the issue of liability.

The case of *Hunter* v. *Cleveland* (1976), 46 Ohio St. 2d 91 [75 O.O.2d 160], imposed liability on the city of Cleveland for injuries sustained by a six

year old who fell into a hole in the street, while attempting to jump over the hole, just as his older brother had done immediately prior thereto. In permitting recovery by the six-year-old child, the court said, in part:

"* * * Had the plaintiff not been of such tender years, this court would have been compelled to find that the injuries were the result of his own conduct * * *." *Hunter, supra,* at 92.

The court in *Hunter* cited with approval *Holbrock* v. *Hamilton Distributing, Inc.* (1967), 11 Ohio St. 2d 185 [40 O.O.2d 168], which was the landmark case clarifying Ohio law by finding, as a matter of law, that a child under seven is incapable of contributory negligence.

We find appellants' argument to be persuasive, within the confines of the facts of this case. We cannot say where the line of demarcation occurs, with respect to the ability of a child to tease, torment, or abuse, within the meaning of R.C. 955.28, but we hold as a matter of law, that a three-year-old child is incapable of such conduct. While a child may be capable of such conduct at the age of five, six, or seven, it would seem axiomatic that there is some age, in infancy, where we cannot attribute the ability to tease, torment, or abuse to a child. For example, an infant only two weeks old surely cannot be considered capable of teasing, tormenting, or abusing a dog. We hold that such is also true for a child the age of three, and that appellants' fourth assignment of error is therefore well-taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., and KOEHLER, J., concur.