MEIER et al.

v.

MORRISON.

Court of Common Pleas of Ohio,
Athens County.

No. 94CI000191.

Decided April 12, 1995.

*Havens, Willis, Erney, Skrobot & Fisher, Robert D. Erney* and *Kim M. Astrella,* for plaintiffs.

*Mollica, Gall, Sloan & Sillery Co., L.P.A.,* and *Steven T. Sloan,* for defendant.

MICHAEL WARD, Judge.

On March 1, 1995, plaintiffs filed a motion for summary judgment on liability claiming that defendant is strictly liable in damages under R.C. 955.28 for all injuries caused by defendant's dog to John Paul Meier. On March 17, 1995, defendant Marie Morrison filed a memorandum contra.

Summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact, (2) that he, she, or it is entitled to judgment as a matter of law, and (3) that reasonable minds construing the evidence most strongly in the nonmovant's favor could only conclude adversely to the nonmovant. See Civ.R. 56(c); *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 12.

R.C. 955.28(B) makes the owner, keeper, or harborer of a dog liable for injuries caused by the dog unless the injured person was doing one of the following at the time of the injury:

1. Committing or attempting to commit a trespass or other criminal offense on the owner's property;

2. Committing or attempting to commit a criminal offense against any person;

3. Teasing, tormenting, or abusing the dog on the owner's property.

Defendant does not contest that she owned, kept or harbored the dog, that the dog bit John Paul, or that John Paul was not trespassing on her property or committing or attempting to commit any other criminal offense when he was bitten. The only issue is whether or not John Paul was teasing, tormenting, or abusing the dog when he was bitten.

Plaintiffs claim that they should be granted summary judgment on two grounds:

1. John Paul was so young that he was incapable, as a matter of law, of teasing, tormenting, or abusing the dog;

2. Notwithstanding the first grounds, the actions of John Paul did not constitute teasing, tormenting, or abusing the dog at the time that he was bitten.

In support of their first grounds, plaintiffs cite *Ramsey v. King* (1984), 14 Ohio App.3d 138, 14 OBR 154, 470 N.E.2d 241, in which the Court of Appeals for Clermont County decided that, as a matter of law, a three year old was incapable of "teasing, tormenting, or abusing" a dog within the meaning of R.C. 955.28. Defendant cites no Ohio cases contrary to *Ramsey* in support of her position, but does argue that the *Ramsey* court improperly applied a common-law principle of negligence to a statutory action. Defendant argues that if the legislature wanted to make age a consideration, it should have said so. Defendant also cites holdings from appellate courts in other states construing similar statutory "dog bite" defenses and finding them applicable without regard to the victim's age or disability.

The court agrees with the *Ramsey* court that it cannot say where the line of demarcation occurs with respect to the ability of a child to tease, torment, or abuse a dog. However, the only reported Ohio authority cited by either party is an eleven-year-old case in which the court held that, as a matter of law, a three year old was incapable of such conduct. John Paul was two years, eight months old at the time of the incident.

Defendant's argument is not without merit. However, the court believes that it must follow Ohio precedent and find that because of his young age, John Paul was incapable, as a matter of law, of teasing, tormenting, or abusing the dog.

Such a finding, by itself, is sufficient reason for granting plaintiffs' motion. Therefore, the court does not need to address the issue of whether John Paul's actions would create a jury question.

In summary, the court finds, as a matter of law, that John Paul was incapable of teasing, tormenting or abusing the dog and that plaintiffs' motion should be granted. The case shall come on for trial upon the issues of proximate cause and plaintiffs' damages and upon defendant's counterclaim.

It is so ORDERED.

*Motion granted.*